WILLIAM GREENLEAF, School Commissioner, etc., Plaintiff in Error, *v.* TRUSTEES OF TOWNSHIP No. 41 N., R. 14 E., Defendants in Error.

ERROR TO COOK.

The legislature may unite or divide townships, and their school funds, at discretion.

THIS was a petition by H. B. Hurd, one of the trustees of Town 41 N., R. 14 E. of 3rd P. M.

The petition states that W. L. Greenleaf is school commissioner of Cook county, and has moneys in his hands as such, etc.

That George H. Reynolds and others are trustees of T. 41 N., R. 14 E., etc.

That by the laws of this State, of 16th February, 1857, it was provided that each congressional township, is established a township for school purposes.

That by a law of 17th of February, 1857, it was enacted, "That the town of Evanston comprises all of fractional township forty-one North, of Range fourteen East, and Sections 12, 13, 24, 25, 36, of Township 41 West, of Range 13 East, the Archange Oalmet Reserve, and fractional Sec. 22–26 and 27, in Township 42 North, Range 13 East, and that the same form and constitute a township for school purposes, to be known as Township 41 N., R. 14 E.

"That all acts conflicting therewith are repealed."

Petitioner claims that said sections above stated, and the acres and number of children therein, should be added to and made a part of the basis of distribution of said school funds to the township 41 North, Range 13 East, 3rd P. M., and that the school commissioner for Cook county, divide to the last mentioned township, whatever proportion of said school money will

be coming to said township, after the same has been so added. Prayer that a mandamus issue, commanding the school commissioner to pay same accordingly.

The answer of W. L. Greenleaf states, that he is advised that so much of the 2nd section of the act entitled " An act to establish the town of Lakeview, in Cook county, and to change the name and boundaries of the town of Ridgeville, and to constitute the same a township for school purposes," approved February 17, 1857, as purports to create a township for school purposes, by the name of " Township 41 North, Range 14 East," is repugnant to the act of Congress, approved April 18, 1818, which provides that section 16 in every township, etc., etc., shall be granted to the State for the use of the inhabitants of such township for the use of schools ; and also to the act of Congress, approved February 15, 1843, in relation to school lands.

Demurrer by petitioner to the answer of the school commissioner. To this, there was a joinder.

The court, MANIERRE, Judge, presiding, sustained the demurrer, and ordered, that the money in the hands of the commissioner, be distributed in accordance with the prayer of the petition. From this decision this appeal was taken.

E. VAN BUREN, for Plaintiff in Error.

H. B. HURD, for Defendants in Error.

CATON, C. J. In the objection which is urged to this law, a very erroneous view is presented, of the power of the legislature. The donation is made to the State, for a specified use. The title to the fund is vested in the State, as completely as if the use was not declared in the law making the grant, and the administration of the fund is left to the State. This is so necessarily. Without State legislation, there is no mode of administering the fund. The State then, has complete control over it, to administer it as she pleases, in promotion of the objects of the grant. The faith of the State is no doubt impliedly pledged to apply the fund according to the trust declared in the act, but the legislature must exercise its best judgment, as to how that object can be best accomplished. No sovereign State would accept such a grant upon any other terms. Neither Congress or any court, has ever undertaken to interfere with a State government, in the administration of the school funds, arising from congressional grants. The public faith of a State, has ever been, and ever will be, a sure guarantee that these funds will be administered in good faith, and in the most beneficial manner, in promotion of the objects of the grant. To say that the legisla-

ture cannot, when it is deemed for the best interests of the cause of education, unite two townships in one, or make a township of parts of several, is asserting an impotency in a sovereign State, which would deprive it of the power to discharge the trust, as the best interests of the objects of the trust may frequently require. We have no doubt that the legislature may unite or divide townships, and their school funds, as it thinks best. The judgment must be affirmed.

*Judgment affirmed.*