THE TRUSTEES OF SCHOOLS *et al.*

*v.*

. THE BOARD OF SCHOOL INSPECTORS. .

*Opinion filed February 21, 1905.*

1. MUNICIPAL CORPORATIONS—*the special charter provisions respecting schools not superseded by adopting general law.* The provisions of a special charter of a city creating a board of school inspectors of permanent existence as a part of the municipal government, for the purpose of supervising and controlling the public school system, is not abrogated by the city's adoption of the general Incorporation act.

2. SAME—*effect of annexation as to control of schools in annexed territory.* Annexation of territory to a city having a special charter provision vesting the control of the public school system in a board of school inspectors as a branch of the municipal government, extends the jurisdiction of the board of school inspectors to the schools of the territory annexed, notwithstanding a portion of it is in a different township; and such board is entitled to the funds in the hands of the various officers collected as taxes for school purposes in the annexed territory.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Peoria county; the Hon. L. D. PUTERBAUGH, Judge, presiding.

ARTHUR KEITHLEY, for appellants.

McCULLOCH & McCULLOCH, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee filed its bill in the circuit court of Peoria county against the appellants for the purpose of recovering certain school taxes raised upon part of the territory formerly included in the village of North Peoria but since annexed to the city of Peoria, and also to determine the legal effect of that annexation so far as it concerns the public schools in that part of said territory which lies in Richwood township.

A demurrer to the bill was overruled, and defendants electing to stand by their demurrer, a decree was entered in conformity to the prayer of the bill, which is, that the court find and determine that the annexed territory is within the jurisdiction, management and control of the complainant; that the city of Peoria has the sole power to levy and collect taxes for school purposes in the annexed territory; that the tax collected for the year 1901 be declared to belong to the city of Peoria and ordered paid over to it; that the complainant be decreed entitled to the share of the county and township funds which have been distributed to districts Nos. 114 and 115; that the tax levied by the officers of the said districts for the year 1902, in so far as it relates to the annexed portions of said districts, be declared null and void; that defendants be enjoined from all acts seeking to divert any further taxes collected for school purposes in said annexed territory and from exercising any jurisdiction or authority over the schools of said territory. The decree of the circuit court has been affirmed by the Appellate Court, and the record is now brought before us for review.

An extended statement of the facts set out in the bill may be found in the opinion of the Appellate Court.

One ground of the demurrer to the bill was, that the complainant's remedy was complete at law, and it was urged in the Appellate Court, and is here, that the circuit court erred in overruling the demurrer. This point has been decided adversely to the contention of appellants in the case of *School Directors of Union School District* v. *School Directors,* 135 Ill. 464, on the merits.

The controlling question in the case is whether the territory lying within the former limits of the village of North Peoria, which is within the boundaries of certain school districts, Nos. 114 and 115, by the annexation of the village became a part of the city of Peoria for school purposes and under the jurisdiction of the board of school inspectors of the city of Peoria. From 1855 until 1887 the city of Peoria was

under special charters passed from time to time by the General Assembly, and its system of public schools was conducted under such special charters. In 1869 an act entitled "An act to reduce the charter of the city of Peoria, and several acts amendatory thereto, into one act and revise the same," was passed and approved, taking effect on July 1 of that year. That statute provides for a system of municipal government for the city of Peoria, and chapter 13 provides for the government and control of its public schools. The board of school inspectors, a body politic and corporate, is thereby created, with perpetual existence, consisting of the mayor and two members from each ward of the city, to be elected by the people. The jurisdiction of the board extends to the territory within the limits of the city and also to all territory within the limits of Peoria township. Provision is therein made for the persons living outside of the city limits to vote at school elections in the various wards of the city. The board is given full power to establish and maintain a system of free schools, and the office of township trustee of schools is abolished and the duties devolve upon the board of school inspectors. It is made the duty of the board of school inspectors to certify to the city council the amount of money necessary each year for school purposes, and the city council, by proper ordinances, is required to levy the taxes thus required. The city council is also given power to issue bonds for the building of new school houses as they are needed. By these several provisions of that special act the board of school inspectors of the city of Peoria and of Peoria township was made a branch or part of the city government. The public school system of the city of Peoria is not, therefore, outside of the municipal government, but is a part thereof.

The city of Peoria continued to operate under its special charter from 1869 until 1887, when by a vote of the people the general law for the incorporation of cities and villages was adopted. It is insisted on behalf of appellants that by the adoption of the general law the special charter of 1869 as

to the school system ceased to govern, and the schools then passed under and became subject to the general School law of the State. With this position we cannot agree. The general statute provides that where a city or village operating under special charter adopts the City and Village act, the provisions of the special charter are only superseded in so far as they are in conflict with the general law, and that in all other respects the provisions of the special charter continue and remain in full force and effect. (Hurd's Stat. 1903, chap. 24, art. 1, sec. 6.) In *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Randle*, 183 Ill. 364, the prior decisions of this court construing and giving effect to that provision of the statute are reviewed, from which it is manifest that the adoption of the general law by the city in no way affected the provisions of the special charter with reference to schools, and they remained and continued under the control and management of the appellee. In other words, there is nothing in the special charter of 1869 in conflict with the provisions of the general law.

At the August term, 1900, of the county court, the village of North Peoria, under certain annexation proceedings, became a part of the city of Peoria, and the theory of appellee, as set forth in its bill, is, that the annexation had the effect of bringing within its jurisdiction and control the annexed territory for school purposes, and this position is controverted by the appellants. The board of school inspectors is a branch of the city government, as we have already said, and we entertain no doubt that by the annexation of the new territory the power and authority of the city officials extended over the territory annexed and all the ordinances of the city thereupon became operative over such territory; also, that the power and jurisdiction of the board of school inspectors, as such branch of the city government, became effective over the territory notwithstanding a portion of it was not included within the limits of the township. The cases of *Cravener* v. *Board of Education*, 133 Ill. 145, *McGurn* v. *Board*

214—3

*of Education,* id. 122, and *People* v. *Harrison,* 191 id. 257, are decisive of this question. We have considered the argument of counsel for appellants in which it is sought to distinguish those cases from the one at bar, but are unable to find any substantial grounds of distinction. Inasmuch, therefore, as the annexed territory became subject to the jurisdiction of the appellee, it was entitled to the amount of taxes in the hands of the various officers levied and collected for school purposes in the annexed territory, and the regularity of the levy of those taxes is not important. The tax has been extended and collected, and the question here is as to which of the contending parties it shall be paid.

The demurrer to the bill was properly overruled, and the decree of the Appellate Court will accordingly be affirmed.

*Decree affirmed.*