# The People, ex rel. Board of School Inspectors of City of Peoria, Appellant, v. City Council of Peoria, Appellee.

### Gen. No. 4,955.

TAXATION—*power of city council of Peoria with respect to, for educational purposes*. The city council of the city of Peoria is bound to levy such sum for taxes for educational purposes as the board of school inspectors of that city fixes, not exceeding the statutory limit of such taxation. The power to fix the rate levied also rests in such school inspectors.

*Mandamus*. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the December term, 1906. Reversed and remanded. Opinion filed March 11, 1908.

Winslow Evans and H. C. Fuller, for appellant.

Henry Mansfield and W. H. Moore, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

The special charter of the city of Peoria, in force February 20, 1869, is still in force so far as relates to the subject of public schools, notwithstanding the subsequent adoption by the city of Peoria of the general act for the incorporation of cities. Chapter 13 of said special charter relates to the subjects of public schools and the board of school inspectors, a body corporate thereby created. The fourth power conferred upon said board of school inspectors by section 8 of said chapter 13 is "To establish, support and maintain public schools for all children of the city, and determine the rate of taxation for school purposes in the manner hereinafter provided." Section 12 of said chapter is as follows: "On or before the first Tuesday in August of each year the board of inspectors shall determine the amount of money which, in their opinion, will be required to be raised by taxation for the support of the public schools of the city the ensuing year, and notify the city council of the rate of tax to be levied and collected for that purpose, as provided by the second clause of chapter 7 of this act, not exceeding the percentage authorized by said clause; and the amount so reported to the city council shall be levied and collected in the same manner and at the same time as other city taxes, and when collected shall be paid over to the treasurer of the board." On July 2, 1906, the board of school inspectors passed a resolution reciting that in its opinion in order to maintain the schools of said city for the ensuing year 1906–1907 a tax of 2¼ per cent for educational purposes was necessary to be levied upon all the real and personal property subject to taxation for such purposes; and another resolution directing the city council of the city of Peoria to have levied and extended on all the real and personal property subject to taxation by said city of Peoria for school purposes a tax of 2¼ per cent for educational purposes; and

that the president and secretary of the board certify that action to the city council of the city of Peoria. On July 3, 1906, said president and secretary did certify such action to the city council, and the same was received by said body and referred to its finance committee. Subsequently the city council passed a tax levy ordinance wherein it levied for educational purposes a tax of one cent, two mills and 77-100 of a mill. Thereupon the board of school inspectors, in the name of the People, filed a petition in the Circuit Court praying for a *mandamus* to be directed to the city council of the city of Peoria, commanding it to levy an additional tax of 973-1000 of 1 per cent for educational purposes, being the difference between the amount fixed by the board of school inspectors and the amount levied by said tax levy ordinance. The original petition for *mandamus* also involved the amount required by the board of school inspectors for building purposes, but by an amended petition the prayer on that subject was eliminated, and the amended petition only sought relief as to the tax for educational purposes. The city council demurred to said amended petition, the demurrer was sustained, and there was a judgment for costs against the board of school inspectors. The petitioner appealed to the Supreme Court. The appeal was held improperly taken to the Supreme Court, and the cause was transferred to this court. People ex rel. v. City Council of Peoria, 229 Ill., 225.

We understand that it is here admitted that under the provisions of the present school law made applicable to schools under special charters, the amount and rate requested by the board of school inspectors to be levied for educational purposes did not exceed the limit of such taxation established by law. We understand the sole question to be whether the city council of the city of Peoria is bound to levy such sum for taxes for educational purposes as the board of school inspectors fixes, not exceeding the statutory limit of such taxation. That question has been passed upon several times by the courts of review in this State. In Trustees of Schools v. Board of School Inspectors of the City of Peoria, 115

Ill. App., 479, speaking of that portion of said special charter relating to schools, we said, on page 489: "Section 12 of chapter 13 provides that the board of school inspectors shall annually determine the amount of money that will be required to meet the expenses of the public schools and certify the same to the city council, whose duty it is to see that the same is levied, collected and paid over to the treasurer of the board." That case went by appeal to the Supreme Court, and is reported as Trustees of Schools v. Board of School Inspectors, 214 Ill., 30.

Speaking of said charter provisions, the Supreme Court there said: "The board is given full power to establish and maintain a system of free schools, and the office of township trustee of schools is abolished, and the duties devolve upon the board of school inspectors. It is made the duty of the board of school inspectors to certify to the city council the amount of money necessary each year for school purposes, and the city council by proper ordinances is required to levy the taxes thus required." These charter provisions were again taken before this court in Gray v. Board of School Inspectors of the City of Peoria, 135 Ill. App., 494, where, in discussing this subject, which was there involved in a controversy between a taxpayer and said board of school inspectors, we said: "It is insisted that, under the provisions of the charter of the city of Peoria above set out, it is the city council and not the school board which levies the taxes. It is the school board which determines the amount of money required to be raised by taxation for the support of the schools for the ensuing year. It notifies the city council of such amount and of the rate to be levied, and the city council is then required to levy and collect such amount with said city taxes. No discretion seems to be given the city council as to the amount to be levied. The school board fixes the amount, and can no doubt compel the council to levy that sum. In this respect it differs from the provisions of the special charter of the city of Joliet (Private Laws of 1857, 188, 219), which were under discussion in The People ex rel. v. Mottinger, 215 Ill., 256, for by that charter the city

council possessed practically all powers which by the Peoria charter are conferred upon its board of school inspectors." That case went by appeal to the Supreme Court, and is reported in Gray v. Board of School Inspectors, 231 Ill., 63. The court there said, on page 70: "By the special charter of the city of Peoria the board of school inspectors appoints a treasurer who is to receive all moneys under the control of said board, and keep a true and accurate account of the same, paying out such money only upon the order of said board. (Private Laws of 1869, pp. 169, 170.) The said board determines the amount of money required to be raised by taxation for the support of the schools, notifies the city council of such amount and the rate to be levied, and the city council is then required to levy and collect such amount with the other city taxes. No discretion is given to the city council as to the amount to be levied,—when it is fixed by the school board the council must levy that sum. * * * Under the city charter this board possesses practically all the powers that any school board of a city or country district possesses. True, it certifies the rate to the city council, and the charter says that body must levy; but the ordinary school district returns its levy to the township treasurer, and he gives it to the county clerk."

When it is seen that by the charter provisions above stated the board of school inspectors is not only to determine the amount of money which will be required to be raised by taxes for the support of the public schools for the ensuing year, but also that said board of school inspectors is to determine the rate of taxation for school purposes, and that it is to certify the city council of the rate to be levied and collected, it is manifest that by the language used the city council is deprived of all power to reduce either the amount to be levied or the rate of taxation. The words used do not import any discretion in the city council, but it is made its duty to levy and collect the amount fixed by the board of school inspectors. Counsel for appellee have cited us to various other provisions of the said school charter, and therefrom argue that it cannot be that the legislature intended, in

enacting this charter, to confer absolute power upon the board
of school inspectors to fix the rate of taxation and the amount
of taxes to be levied for school purposes, but must have in-
tended that the city council should exercise a discretion as
to whether or not it would levy the amount named by the
board of school inspectors.    They also rely upon the lan-
guage used in People v. City of Bloomington, 130 Ill.,
406, which, however, relates to an entirely different statute,
and is not in point here.    The language of the foregoing
decisions, construing the charter of the city of Peoria in
relation to the subject of schools, is so specific and so de-
cisive of the point here raised, that it seems unnecessary for
us to undertake to discuss the other provisions of the char-
ter from which the argument has been built up that the
legislature must have intended to give the city council a
discretion.

For the reasons stated, the demurrer to the amended peti-
tion should have been overruled.    The judgment is reversed
and the cause remanded for further proceedings not incon-
sistent with this opinion.

*Reversed and remanded.*