THE PEOPLE ex rel. John J. Mortell, Appellant, vs. ADOLPH
     BERGMAN et al. Trustees of Sanitary District of Chi-
     cago, Appellees.

*Opinion filed February 23, 1912.*

PRACTICE—*fact that validity of an ordinance of quasi municipal
corporation is involved does not give Supreme Court jurisdiction.*
The provision of the present Practice act authorizing a direct re-
view by the Supreme Court of a proceeding in which the trial
judge certifies that the validity of a "municipal ordinance" is in-
volved was intended to include only city or village ordinances, and
not the ordinances and resolutions of *quasi* municipal corporations,
such as sanitary districts and the like.

APPEAL from the Superior Court of Cook county; the
Hon. CHARLES A. MCDONALD, Judge, presiding.

CALHOUN, LYFORD & SHEEAN, (EDWARD M. RAWLINS,
of counsel,) for appellant.

JOHN C. WILLIAMS, and JAMES S. HANDY, (OSCAR H.
OLSEN, of counsel,) for appellees.

Per CURIAM : This was a petition for a writ of *man-
damus* and involves the validity of an ordinance passed
by the trustees of the Sanitary District of Chicago, and
reaches this court by direct appeal by virtue of a certificate
of the trial judge that the validity of a municipal ordinance
is involved and that in his opinion the public interest re-
quires that said ordinance be passed upon by this court,
which certificate was made under the provisions of sec-
tion 118 of the Practice act, which provides that appeals
from and writs of error to circuit courts and the superior
court of Cook county shall be taken direct to the Supreme
Court "in cases in which the validity of a municipal ordi-
nance is involved and in which the trial judge shall certify
that in his opinion the public interest so requires."

Prior to the passage of the present Practice act it had been held (*Wood* v. *City of Chicago,* 205 Ill. 70; *Masonic Temple Ass'n* v. *City of Chicago,* 217 id. 58;) that the fact that the validity of a city or village ordinance was involved did not give this court jurisdiction by direct appeal or writ of error, and the suggestion has been made that the amendment to the Practice act which authorizes appeals to and writs of error from this court to review judgments and decrees of the circuit courts and of the superior court of Cook county where the validity of a "municipal ordinance" is involved, upon the certificate of the trial judge, was intended to cover only the class of cases above referred to, and was not intended to include the review of ordinances and resolutions enacted or passed by the trustees of *quasi* corporations, such as boards of supervisors, county commissioners, park commissioners, drainage commissioners, highway commissioners and the trustees of a sanitary district. By the text writers corporations are divided, generally, into public and private corporations, and public corporations are classified as municipal and *quasi* municipal corporations, and a municipal corporation is said to be one created by government for political purposes, having subordinate and local powers of legislation, and that the word "municipal" applies strictly only to what belongs to a city. (Bouvier's Law Dict.) And again, the word "municipal" is defined as pertaining to a city or a community within a State, possessing rights of self-government. (Anderson's Law Dict.) We think it apparent from the condition of the law upon the subject and the language of the amendment which sought to change the law, that it was the legislative intent to only authorize the direct review by this court of city and village ordinances upon the certificate of the trial judge, and that this court has no power to review, by direct appeal or writ of error, the ordinance in question.

This court, therefore, being without jurisdiction to entertain this appeal, the cause will be transferred to the Ap-

pellate Court for the First District, and the clerk of this court will transmit the files to the clerk of that court.

*Cause transferred.*