THE PEOPLE *ex rel.* C. T. Biddison, Appellant, *vs.* THE BOARD OF EDUCATION OF THE PARIS UNION SCHOOL DISTRICT, Appellee.

*Opinion filed October 26, 1912.*

1. SCHOOLS—*school districts and townships are quasi municipal corporations.* School districts and school townships are *quasi* municipal corporations, created purely as auxiliaries of the State to aid in the general administration of the government, and their powers are limited to those expressly granted, or such as result, by necessary implication, from those granted.

2. SAME—*the legislature may create or divide school townships and school funds.* School townships, under the School law, are created and continued only for school purposes and not for the purposes of exercising the ordinary functions of government, and the legislature may create or divide school townships and their school funds, at its discretion.

3. SAME—*general School law did not repeal the special acts.* The legislature did not intend, by the general School law, to repeal the special acts relating to schools in cities having less than one hundred thousand inhabitants or in incorporated towns, townships or districts.

4. SAME—*Paris Union School District had power to annex territory.* Under the special act of 1869, under which the Paris Union School District was organized, and the general School law,

the said district had the power to annex territory to the district, and by such annexation the board of education of the district acquired authority over the annexed territory, not only as school directors, but also as trustees of school townships.

APPEAL from the Circuit Court of Edgar county; the Hon. E. R. E. KIMBROUGH, Judge, presiding.

R. S. DYAS, State's Attorney, W. H. CLINTON, and HARVEY GROSS, for appellant.

H. S. TANNER, and J. E. DYAS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The State's attorney of Edgar county by leave of court filed an information in the circuit court of that county to its June term, 1910, upon the relation of C. T. Biddison, in the nature of a *quo warranto*, alleging that the Board of Education of the Paris Union School District was unlawfully usurping and exercising the powers of school directors and school trustees over parts of certain quarter sections in said county, forming a tract a mile long and a quarter of a mile wide. The members of the board of education filed a plea alleging the organization of said district under a special act of the legislature passed and in force April 15, 1869, and that in April, 1908, said territory in dispute had been duly annexed to said Paris Union School District. The various steps taken for annexation are set out in detail in the plea. No question is raised by appellant as to the law being complied with, provided appellee's construction of the law governing the annexation of territory to said district be the correct one. A demurrer was filed to this plea by the appellant. This was overruled, and the appellant electing to stand by the demurrer, judgment was rendered against him and the writ quashed at his cost. An appeal was prayed to the Appellate Court and the judgment of the lower court was there affirmed. A

petition was then presented to this court for a writ of *certiorari* to review the judgment of the Appellate Court. This court held that a franchise was involved and that the appeal should have been direct to this court. The pe-. tition was therefore refused, with the suggestion that the proper method to bring the case to this court was to return the record to the Appellate Court and ask that court to set aside its judgment and transfer the cause here. This has been done, and the case is now here for a review of the judgment of the trial court.

Counsel for appellant insist (1) that said special act does not authorize or empower the changing of boundaries of the district by the addition of territory; (2) that this act creating the union school district also, in effect, created a school township co-extensive with the district, and that boards of trustees of school townships have no authority to change the boundaries of said townships; (3) that if this act only created a school district, that district, being composed of parts of four separate school townships, could not be enlarged without filing a petition with the trustees of schools of those four townships.

The special act in question is found in volume 3 of Private Laws of Illinois of 1869, on page 488, and contains twenty-two sections. The title reads, "An act to establish and form the Paris Union School District." Section 1 provides "that all that district of country embraced within the following boundaries [describing it] is hereby made and constituted a permanent school district by the name of the 'Paris Union School District,' and that no territory shall ever be taken therefrom except by act of the legislature of this State." Sections 2, 3, 4 and 5 name the members of the board of education and grant to them the exclusive management and control of the district as a body corporate and politic, and provide that such board shall be the "legal successors of the trustees of schools and school directors in the territory embraced herein." These

sections further provide as to the manner of electing trustees, filling of vacancies and appointment of president, clerk and treasurer.   Section 6 provides that all the school lands, school funds and school property belonging to the four townships from parts of which the district was created should be divided between said union school district and the portions of said townships without the said district, in proportion to the number of persons under twenty-one years of age.   Section 7 provides for the turning over of property to the board of education of said union district, giving said board full and entire control thereof, "subject only to the provisions of the general school laws of this State defining the powers and duties of trustees of schools." Sections 8 and 9 state certain duties of the board of education, both as school trustees and school directors.   Section 10 reads: "The said board, in addition to the powers now given by law to school directors and the powers herein granted, shall possess all the powers and privileges of trustees of townships for school purposes, and shall be recognized and· regarded by the county superintendent of schools, county clerk, and all other officers of this State, as possessing all the powers, privileges and rights of trustees of congressional townships of this State, and are hereby required to perform for said district all the duties of such trustees as well as those of directors, not inconsistent with this act."   The other twelve sections have no special bearing on the issues here involved.

The chief contention of appellant is, that under this special act and the School law as it stood in 1908 the boundaries of this school district could not be changed by the addition of territory.   School districts and school townships are *quasi* municipal corporations.   They are involuntary political or civil divisions of the State, created purely as auxiliaries of the State to aid in the general administration of the government.   (1 Dillon on Mun. Corp.— 5th ed.—·secs. 37, 38; *Kinnare* v. *City of Chicago,* 171 Ill.

332.) They are limited to those powers expressly granted, or such as result, by necessary implication, from those granted. (*Stevenson* v. *School Directors,* 87 Ill. 255; *Seeger* v. *Mueller,* 133 id. 86.) School townships, under the School law, are created and continued only for school purposes, and not for the purpose of exercising the ordinary functions of government. (*People* v. *Trustees of Schools,* 78 Ill. 136.) The legislature may create or divide school townships and their school funds, at its discretion. *Greenleaf* v. *Trustees,* 22 Ill. 236.

Sections 45 to 53 of article 3 of the general School law in force at the time steps were taken to annex this property to the union district, provided that the boundaries of school districts could be changed whether they were all in one school township or in separate school townships. (Hurd's Stat. 1908, pp. 1920, 1921.) Practically the same provisions as to changing the boundaries of school districts were in force under the general School law of 1869 when the special act here in question was passed. (1 Scates & Blackwell's Stat. of 1866, p. 442.) The legislature did not intend to repeal by the general School law the special acts relating to schools in cities having less than one hundred thousand inhabitants or in incorporated towns, townships or districts. (*Gray* v. *Board of School Inspectors,* 231 Ill. 63.) This special act did not attempt to define all the powers of the board of education, but, in addition to certain powers specifically granted to it, further granted all the powers given by the general School law to school directors and to township trustees of schools. Under the first section of the special act it was provided "no territory shall ever be taken therefrom except by act of the legislature." This is the only restriction found in the special act with reference to changing the boundaries of the district. If the construction be placed upon this special act contended for by counsel for appellant, that there can be no change in the boundaries of the district, then the pro-

vision just quoted that no territory shall be taken from said district except by act of the legislature was unnecessary and is left entirely without meaning. The insertion of this special restriction is significant. It is evident that the legislature contemplated that the general School law relating to changing the boundaries of school districts should be applicable to this union district, except in the case of decreasing its size. We are disposed to hold that territory can be annexed to this special district under the provisions of the general School law.

By annexing territory from other school districts to this district, does the annexed territory not only become a part of the special school district, so that the board of education will exercise over it the powers given by law to school directors, but does it cease to remain under the jurisdiction of the trustees of its former school township and come into the union district, so that such board shall also exercise over it the powers and privileges of township trustees? The act creating this special school district did not, in terms, create a township by name or number for school purposes, though the board of education of the special district was given all the powers and privileges of trustees of a school township, and the trustees of the four townships out of which the union district was taken were deprived of all authority over the territory included in such union district. In construing this special act in connection with the general School law a reasonable construction must be given to both acts in order to effectuate the purpose the legislature had in mind if territory was thereafter annexed to the special district. While no case exactly in point has been decided by this court, in principle *Trustees of Schools* v. *Board of School Inspectors*, 214 Ill. 30, is like the case now under consideration. It was there held that the annexation of territory to a city having a special charter provision as to the control of its schools, wherein the office of township trustees of schools was abolished, their duties

devolving upon the board of school inspectors, extended the jurisdiction of said board to the schools of the territory annexed, notwithstanding a portion of it was in a different township. By the same line of reasoning the board of education of this special district, by annexing the territory in question, would not only have authority over it as school directors, but would also possess the authority over it of trustees of school townships for school purposes.

Appellant contends that there is no statutory authority for school directors or township trustees changing the boundaries of school townships. We are of the opinion that the special statute forming the union district gave the necessary authority for taking land from other school townships and adding it to the union district. This must be the case if the statute allowed annexation to the union district at all,—and we have held that it did,—because any territory annexed must necessarily come from some other school township.

From the foregoing conclusions it logically follows that the petition for the annexation of this territory would only have to be filed with the board of education of this union district and the school trustees of the township from which the annexed territory was proposed to be taken. The plea shows that the petition was filed with these two bodies. Such petition was not required to be filed with the trustees of the other three townships from which territory was taken to form the original district.

The plea of appellee filed in the court showed that the law as thus construed was fully complied with in the annexation of the territory in question, and the trial court properly overruled the demurrer and rendered judgment quashing the writ at relator's costs. The judgment will therefore be affirmed.            *Judgment affirmed.*