THE PEOPLE *ex rel.* Samuel Leland, Appellant, *vs.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Appellee.

*Opinion filed April 20, 1927.*

APPEALS AND ERRORS—*by-law of school board is not a "municipal ordinance" within meaning of section 118 of Practice act.* Although under section 131 of the School law the by-laws, rules and regulations of boards of education have the force of ordinances within the school district they are not municipal ordinances within the meaning of section 118 of the Practice act, allowing a direct appeal to the Supreme Court, upon certification of the trial judge, in cases in which the validity of a municipal ordinance is involved, as the word "municipal," in its strict sense, applies only to what belongs to a city.

APPEAL from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

F. E. BRIGHTMAN, and M. EDWARD ABRAM, for appellant.

FRANK S. RIGHEIMER, (RALPH W. CONDEE, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Samuel Leland, a teacher in the public schools of the city of Chicago for more than fifteen years, presented his petition to the circuit court of Cook county praying for a writ of *mandamus* commanding the board of education to re-instate him as a teacher in the public schools and restore him to the standing and compensation which he had enjoyed and received as such teacher on April 6, 1926,—the date of his transfer from regular class-room or supervisory service and assignment to the class of service known as the "emeritus service," pursuant to a rule of the board of education adopted on December 9, 1925, and amended on March 10, 1926, requiring all members of the teaching force who had reached the age of seventy years and had been in service in the public schools of the city of Chicago for at least fifteen years to be transferred from class-room or supervisory service and assigned to the emeritus service, in which they should be paid annually during their continuance in the emeritus service a sum equal to one-half of the average annual salary received during the ten years preceding transfer to the emeritus service but not less than $1500 nor more than $2500. The circuit court allowed an appeal directly to the Supreme Court, certifying that it appeared to the court that the cause involved the validity of the rule in question, and that by virtue of section 131 of the School law the rules, by-laws and regulations of the board of education were given the force of ordinances, and that the "court being of the opinion that the public interest requires that this cause be taken directly to the Supreme Court, does hereby certify that the questions presented in this cause are of great importance, and public interest requires that this cause be taken directly to the Supreme Court for consideration."

Section 118 of the Practice act provides that appeals from the circuit and superior courts of Cook county shall

be taken directly to the Supreme Court "in cases in which the validity of a municipal ordinance is involved and in which the trial judge shall certify that in his opinion the public interest so requires." In *People* v. *Bergman,* 253 Ill. 469, it was held that the legislative intent by this provision was to authorize the direct review by this court of city and village ordinances only upon the certificate of the trial judge, and that the court had no power to review by direct appeal or writ of error the ordinance of the Sanitary District of Chicago involved in that case. Section 131 of the School law provides that boards of education of the character of the respondent shall establish by-laws, rules and regulations, which shall have the force of ordinances, for the proper maintenance of a uniform system of discipline for both employees and pupils and for the entire management of the schools. The fact, however, that the by-laws, rules and regulations of boards of education should have the force of ordinances within the district for the purpose of discipline and management of the schools did not constitute the boards of education municipal corporations, which have been said to be created by government for political purposes, having subordinate and local powers of legislation. The word "municipal" applies strictly only to what belongs to a city. (Bouvier's Law Dict.) The word is also defined in Anderson's Law Dictionary as "pertaining to a city or a community within a State, possessing rights of self-government."

This court has no jurisdiction of the appeal, and the cause will be transferred to the Appellate Court for the First District.    *Cause transferred.*