(No. 18030.—Cause transferred.)
JAMES E. ARMSTRONG *et al.* Appellants, *vs.* THE CITY OF CHICAGO *et al.* Appellees.

*Opinion filed December 21, 1927.*

APPEALS AND ERRORS—*rule of school board is not an ordinance authorizing direct appeal.* While by-laws and rules and regulations of boards of education have the force of ordinances within the school district for the purpose of discipline and management of the schools, such boards of education are not municipal corporations, and such by-laws, rules and regulations are not ordinances as that term is used in the statute conferring jurisdiction upon the Supreme Court to review city and village ordinances. (*People* v. *Board of Education,* 325 Ill. 320, followed.)

APPEAL from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

DUNNE & CORBOY, I. T. GREENACRE, ALLAN J. CARTER, and WILLIS E. THORNE, for appellants.

FRANK S. RIGHEIMER, (RALPH W. CONDEE, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants filed a bill in the circuit court of Cook county to enjoin the enforcement of a rule adopted by the board of education of the city of Chicago and known and designated as the emeritus rule. Appellants were principals and teachers in the schools in the city of Chicago and aver in their bill that they had been so employed for a period of more than ten years next prior to the filing of the bill. The bill avers that appellants are each more than seventy years of age. They allege that without notice or trial, as required by law, they have been removed from their positions as principals and teachers. The court heard the case, dismissed appellants' bill for want of equity, and certified that the validity of a municipal ordinance is involved and that

the public interest requires that an appeal be taken directly to this court.

In *People* v. *Board of Education,* 325 Ill. 320, this court held that while by-laws and rules and regulations of boards of education have the force of ordinances within the school district for the purpose of discipline and management of the schools, such boards of education are not municipal corporations, and such by-laws, rules and regulations are not ordinances as that term is used in the statute conferring jurisdiction upon this court to review city and village ordinances. This court has no jurisdiction of the appeal, and the cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*