(No. 18876.—

ADOLPH LINDSTROM *et al.* Appellants, *vs.* THE CITY OF CHI-
CAGO, in trust for the use of schools, Appellee.

*Opinion filed June 23, 1928.*

ZIMMERMAN & CLARK, (HAROLD J. CLARK, of coun-
sel,) for appellants.

JAMES TODD, (FRANK S. RIGHEIMER, RALPH W. CON-DEE, and WHARTON PLUMMER, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants have appealed to this court from a judgment of the circuit court of Cook county dismissing their suit for damages against defendant in an action of trespass on the case. Appellants having obtained leave, filed their second amended declaration and an additional count thereto. Defendant demurred generally, and its demurrer was sustained. Appellants abided their second amended declaration and additional count and the cause was dismissed. They have brought the appeal directly to this court on the ground that a construction of the constitution is involved.

The declaration complained of defendant, the city of Chicago, in trust for the use of schools, for a plea of trespass on the case. It alleges that on the first day of March, 1924, appellants were owners of a valuable piece of vacant land in the city of Chicago adjacent to property of the city held in trust for the use of schools and used for school purposes, having thereon a high school building known as the Nicholas Senn high school; that in February, 1924, appellants commenced the construction of a three-story brick-and-stone apartment building on the premises; that appellant Adolph Lindstrom, a general contractor, had charge of the construction of the building; that he applied for and received a permit from the city of Chicago for the construction of the building and caused plans to be prepared; that he expended a large sum of money for architect's fees, let a number of contracts to sub-contractors for excavation work, mason and stonework, plumbing and heating, and other work in connection with the building, and paid out large sums of money to the sub-contractors and became obligated to them for other large sums; that on or about the first day of February, 1924, appellants commenced excava-

tion on the premises for the building and caused concrete footings and parts of the concrete foundation of the building to be constructed; that they caused the sub-contractors to cut stone for the building and perform other work; that on March 1, 1924, defendant filed a certain condemnation suit in the circuit court of Cook county seeking to condemn said property and other property in the neighborhood for school purposes, and appellants were made parties defendant with other property owners; that on the first day of March, 1924, defendant caused a notice in writing to be served upon Lindstrom notifying him to discontinue all building operations on the premises and that any further work performed or liability incurred in connection with such building would be at his own expense and liability; that on account of the condemnation suit and notice Lindstrom immediately ceased building operations, and that appellants were prevented by defendant from proceeding with the construction of the building from March 1, 1924, until July 17, 1924, on which last date defendant dismissed the petition for condemnation; that it became and was the duty of defendant to prosecute the condemnation suit to conclusion and to pay appellants the fair and reasonable value of their property taken or damaged by defendant and the damages sustained by them on account of the prosecution of the condemnation suit and the interference with their building operations or to abandon and dismiss the petition for condemnation within a reasonable time, and that by reason of its failure and refusal so to do appellants suffered damages in the sum of $5000. The gravamen of the charge in the declaration is the wrongful delay in the abandonment of the condemnation proceedings for an unreasonable time. The concluding paragraph of the declaration states: "Plaintiffs further incurred expenditures for costs, attorney's fees in defense of said condemnation proceeding dismissed by the defendant, for which expenditures they are entitled to be reimbursed by defendant according to the

terms of the statute of Illinois in such case made and provided, to-wit, section 10 of chapter 47 of the Illinois Revised Statutes."

The additional count charges: "And whereas, the defendant thereafter, on, to-wit, March 1, 1924, took and damaged the said property of the plaintiffs for public use, namely, for the use of said land for school purposes, and hindered and prevented the plaintiffs from having the use, benefit and enjoyment of the said property without just compensation to the plaintiffs, as required by the statute in such case made and provided, to the damage of the plaintiffs in the sum of five thousand dollars ($5000), wherefore they bring this suit."

Appellants assign errors on the ruling of the trial court sustaining the demurrer and dismissing the cause. Appellee argues in support of the demurrer that an action does not lie against the city of Chicago, in trust for the use of schools, in an action of trespass on the case for damages. The rule adopted in this State and generally followed throughout this country is, that corporations of the character of school districts are created *nolens volens* by the general law to aid in the administration of State government and are charged as such with duties purely governmental in character. They are therefore not liable for the torts or negligence of their agents unless such liability is expressly provided by statute. (*People* v. *Board of Education,* 325 Ill. 320; *City of Chicago* v. *Jewish Consumptives Relief Society,* 323 id. 389; *Kinnare* v. *City of Chicago,* 171 id. 332.) The reason for this rule lies in the fact that a school district of the character here considered is created merely to aid in the administration of the State government. It owns no property, has no private corporate interests and derives no special benefits from its corporate acts. It is simply an agency of the State having existence for the sole purpose of performing certain duties deemed necessary to the maintenance of "an efficient system of free schools"

within its jurisdiction. In creating such district the State acts in a sovereign capacity for the more efficient exercise of governmental functions resting in the State, and such district is exempted from the obligation to respond in damages, as master, for the negligent acts of its servants to the same extent as is the State itself, unless liability is expressly provided by the statute. (*Nagle* v. *Wakey*, 161 Ill. 387; *Wilcox* v. *City of Chicago*, 107 id. 334; *Town of Waltham* v. *Kemper*, 55 id. 346.) In *People* v. *Board of Education*, 255 Ill. 568, and *Bradbury* v. *Vandalia Drainage District*, 236 id. 36, the distinction between corporations liable for negligent or wrongful acts of their agents and those which are not is made clear. The latter, being public, involuntary *quasi* corporations, which are mere political or civil divisions of the State created by general law to aid in the general administration of the government, are not so liable, while those which are liable are so liable because they have privileges conferred upon them at their request, which are a consideration for the duties imposed. To the same effect is *Johnston* v. *City of Chicago*, 258 Ill. 494.

Appellants rely upon *Winkelman* v. *City of Chicago*, 213 Ill. 360, as authority for their contention that an action of trespass will lie against defendant. That case and the one at bar differ in the fact that there the suit was against the city of Chicago, a municipal corporation. The board of education of the city of Chicago is not a municipal corporation. *People* v. *Board of Education*, 325 Ill. 320.

Appellants contend that the delay in disposing of the petition for condemnation resulted in a damage to their property, and that under section 13 of article 2 of the constitution, which provides that private property shall not be taken or damaged for public use without just compensation, the board of education must be held liable for the damages in this case. Section 10 of the Eminent Domain act as amended in 1897, (Cahill's Stat. 1927, p. 1188,) provides that in case the petitioner shall dismiss the petition

before the entry of an order for payment of compensation for lands taken or damaged, or shall fail to make the payment of such compensation within the time named in such order, then the court or judge shall, upon application of the defendants to the petition, or either of them, make such order for payment by the petitioner of all costs, expenses and reasonable attorney's fees of the defendants paid or incurred in defense of the action as shall seem right and just and for the payment of taxable costs. The board of education had a right to abandon the proceedings for condemnation at any time during the pendency of the proceedings. (*Winkelman* v. *City of Chicago, supra; Chicago and Western Indiana Railroad Co.* v. *Guthrie,* 192 Ill. 579; *City of Chicago* v. *Hayward,* 176 id. 130.) Said section 10 prescribes the only right to the recovery of damages in an eminent domain proceeding. The declaration here does not aver that any attempt was made to have damages awarded as expenses in the condemnation proceeding. The legislature having provided under what circumstances the city can institute condemnation proceedings, it was held in *City of Evanston* v. *Knox,* 241 Ill. 460, that if the provisions of the statute do not properly protect property owners, the remedy is a question for the legislature and not for the courts.

The second amended declaration does not state a cause of action on the ground of negligence in the disposition of the suit. It alleges that the condemnation proceeding was instituted on March 1; that on that day notice was served on appellants to discontinue building operations, and that the cause was dismissed on July 17 following,—an interval of about four and a half months. While the declaration charges that this was an unreasonable lapse of time, no facts are averred which tend to show that a period of four and a half months was an unreasonable time in which to dispose of the case. It is evident from the declaration that others were made parties defendant and other property was

sought to be taken. For all that appears in the declaration, other defendants may have been non-residents, requiring service by publication. It is a conceded rule that pleadings are to be taken most strongly against the pleader, and this court cannot say, as a matter of law, that in this case the lapse of four and a half months was an unreasonable time in which to dispose of the condemnation proceedings. In *Winkelman* v. *City of Chicago, supra,* the delay amounted to more than five years, although attempts were made by the defendants to secure disposition of the case. It was in that case urged by the city of Chicago that Winkelman could not recover because he did not apply to the court in which the cause was pending to have it placed on the trial calendar and disposed of. This court said of that objection: "Ordinarily we think there would be force in this objection. The defendant who stands by and makes no effort to bring his cause to trial should be considered as waiving damages caused by the delay. If he desires a speedy trial it is his duty to advise the court of that fact." It was held, however, that as the proof showed that the trial court had permitted the corporation counsel to assume control of the trial calendar and he had refused to place the cause upon the trial calendar, the city was estopped to say that the defendant should have applied to the court for disposition of the case.

The declaration does not show a cause of action. The additional count alleges the damaging of appellants' property for a public use. No facts are in this count stated from which it can be determined that the property is damaged. It alleges that defendant became liable under the statute in such case made and provided. As we have seen, the statute does not provide that a school district shall be held liable in an action such as is here brought. This count is merely one of conclusions. Under this condition of the record there is not presented the question whether, under the provision of the constitution requiring just compensa-

tion for property damaged for a public purpose, a defendant to a condemnation petition is to be afforded, regardless of the statute, a right of action to recover damages.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*