(No. 1620— )

GRACE BARTLE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1932.*

MAURICE B. JOHNSTON, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This action is for $10,000.00 damages claimant alleges she sustained on account of injuries occasioned by a fall on the stairway of the school building in School District No. 32, of Clinton County. On May 25, 1930, the baccalaureate sermon for the graduating class of the school was delivered in the school building. Claimant attended those services and while leaving the building "tripped on a loose and defective matting on one of the steps of the main stairway leading toward the main exit of the building and fell headlong down a flight of seven steps into the exit doors." Her right arm was broken at the wrist and her arms and legs and other portions of her body were bruised and injured by the fall. The foregoing facts are set forth in the declaration. It also charges the board of education of the school district "knew or by the exercise of reasonable diligence should have known" the "step was in a dangerous and unsafe condition" and negligently failed to properly repair it and put it in a safe condition.

The State has questioned the sufficiency of the declaration and the jurisdiction of this court by its plea.

The school building was under the supervision and control of the board of education of the school district. But the district is the mere agency of the State created to perform

such duties as the State deems necessary to maintain therein a free school. It follows, therefore, that neither the district nor the State is liable for the negligence of the board of education unless such liability is expressly provided by some statute. (*Lindstrom* vs. *City of Chicago*, 331 Ill. 144; *Peretz* vs. *State*, 6 Ct. Cl. 356.) As there is no statute making the State liable for injuries caused by the negligent acts of school boards claimant is not entitled to an award. The claim is denied and the case dismissed.