(No. 28863.—)
COUNTY OF WINNEBAGO *et al.,* Appellants, *vs.* RICHARD HARRINGTON *et al.,* Appellees and Cross Appellants.— (R. C. TAYLOR *et al.,* Intervenors.)

*Opinion filed September 19, 1945.*

Max A. Weston, State's Attorney, and Robert R. Canfield, both of Rockford, for appellants.

Large, Reno & Zahm, and Stanley H. Guyer, (Ralph S. Zahm, of counsel,) all of Rockford, for appellees and cross appellants.

Welsh & Welsh, and Nelson & Nelson, (C. K. Welsh, and C. H. Nelson, of counsel,) all of Rockford, for intervenors.

Mr. Justice Murphy delivered the opinion of the court:

Defendants are the owners of a small unplatted tract of land located at the intersection of two public highways about 1.4 miles east of the city limits of Rockford. They operate a machine and repair shop thereon. When the business was started on this tract in 1935, it was housed in one building which is referred to in the record as building A. The first floor was devoted to shop purposes and the lathes, grinding machines and other equipment were kept in it. The upper story was used as family living quarters by one of defendants. In 1941, building B was added and devoted to the same use as building A except it was one

story and had no living quarters therein. In May, 1944, defendants started the construction of building C and immediately plaintiffs, county of Winnebago and the county's zoning enforcement officer, raised a question as to whether building C and the use to which it was to be devoted was in violation of the county zoning ordinance. Notice and demands were duly given defendants to stop construction work but they continued with the building.

The county zoning ordinance, adopted March 24, 1942, was passed pursuant to section 1, *et seq.,* of "An Act in relation to county zoning, approved June 28, 1935." (Ill. Rev. Stat. 1943, chap. 34, par. 152i). Defendants' premises and other tracts located in the same general area were zoned for agricultural purposes. The ordinance defined the term "agricultural purposes," but since it is conceded that defendants' property and business is nonconforming, it is not necessary to enumerate the purposes defined as agricultural.

Pursuant to the authority conferred under section 7 of the County Zoning Act (par. 152o), plaintiffs started this suit in the circuit court of Winnebago county to enjoin the construction of building C and to prohibit the use of it in connection with defendants' business. A temporary injunction was issued which prohibited its completion, but pending the hearing on the merits, the temporary injunction order was modified to permit defendants to complete the building and use it in connection with their business, subject to a final determination of the cause on the merits. Sixteen persons who owned property located in the same area as defendants' tract were permitted to file an intervening petition. At first they joined with plaintiffs in asking for the same relief, but later added an alternative prayer, the substance of which was to separate the site areas of buildings A, B and C from the remainder of defendants' tract. In the alternative prayer they did not

ask for any relief against building C or its use but prayed that defendants be restrained from erecting buildings on the remainder of the tract or in extending the business to such area. The decree appealed from virtually adopts intervenors' alternative prayer. It permits defendants to use building C in connection with their business formerly carried on in A and B but enjoins them from extending the business to other parts of the premises or using any of the land except the site area for any purpose other than as permitted by the zoning ordinance.

This court has no jurisdiction in this case on direct appeal. The claim in defendant's answer that the zoning resolution, as applied to defendant's property, violated the due-process clauses of the State and Federal constitutions does not appear to have been determined by the trial court. The points which the parties set forth in their briefs in support of their respective theories make no mention of any constitutional question. Under plaintiff's points and authorities, it is stated that zoning ordinances which prohibit industrial use of land or industrial buildings are not in violation of the due-process clauses, but it does not appear in any other brief and is not argued in plaintiff's brief. Under such condition of the record, there is no constitutional question presented which gives this court jurisdiction on direct appeal.

The certificate of the trial judge that the validity of a municipal ordinance was involved does not aid the jurisdictional defect. After section 118 of the Practice Act of 1907 was amended to provide that "In cases in which the validity of a municipal ordinance is involved and in which the trial judge shall certify that in his opinion the public interest so requires," this court held, in *People ex rel. Mortell* v. *Bergman*, 253 Ill. 469, that the term "municipal ordinance" was intended to authorize direct appeal in cases where the validity of a city or village ordinance

was involved and that it did not authorize a direct appeal in cases where the validity of a resolution of the Chicago Sanitary District was presented. This was followed in *People ex rel Leland* v. *Board of Education,* 325 Ill. 320, and applied to a case where the validity of a regulation or rule of the board of education of the city of Chicago was in question. Also *Armstrong* v. *City of Chicago,* 328 Ill. 147. Section 75 (Ill. Rev. Stat. 1943, chap. 110, par. 199,) contains the provision in the same language as section 118 of the Practice Act of 1907. The reason for the holdings under the former act is applicable to this case. The validity of a zoning ordinance adopted by the board of supervisors is not a "municipal ordinance" which authorizes a trial judge to certify for direct appeal to this court.

This court being without jurisdiction, it is ordered that the cause be transferred to the Appellate Court for the Second District.

*Cause transferred.*