236

(No. 4403– )

PATRICK DAVERN, JR., A MINOR, ET AL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1952.*
*Supplemental opinion filed May 13, 1952.*

DAVID ALSWANG AND DAVID MENDELSOHN, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER AND HARRY K. O'MELIA, Assistant Attorneys General, for Respondent.

SCHUMAN, C. J.

The claim filed in this case is predicated on the grounds that the Board of Education of the City of Chicago was an agent of the State of Illinois; that it operated a playground in the City of Chicago; and that through its duly authorized servant and agent negligently caused the injury of Patrick Davern, Jr.

The State filed a motion to dismiss the complaint on the ground that it had no responsibility for the negligence of such a municipal corporation. The Court overruled this motion on June 8, 1951. The respondent then filed a motion to vacate said order, and the claimant filed his objections to said motion.

The question before the Court is one of jurisdiction. This Court, prior to the enactment of Section 8 C of the Court of Claims Law, consistently held that no

claim could be filed predicated on tort liability of the State, and specifically refused to take jurisdiction of any case involving municipal corporations. (*Smith* vs. *State*, 16 C.C.R. 208.)

A Board of Education is created unwillingly, and is the method by which the Legislature has complied with the constitutional mandate to maintain a system of free education.

The cases all hold that a Board of Education is not a municipal corporation. In the case of *Schreiner* vs. *City of Chicago*, 406 Ill. 75, the Court held that the Board of Education of the City of Chicago was a separate and distinct entity from the City of Chicago.

In *Lindstrom* vs. *City of Chicago*, 331 Ill. 144, at 147 and 148, the Court, in holding that school districts are not liable for torts or negligence of their agents unless such liability is expressly provided for by statute, stated:

"The rule adopted in this State and generally followed throughout this country is, that corporations of the character of school districts are created *nolens volens* by the general law to aid in the administration of State government and are charged as such with duties purely governmental in character. They are, therefore, not liable for the torts or negligence of their agents unless such liability is expressly provided by statute. (*People* vs. *Board of Education*, 325 Ill. 320; *City of Chicago* vs. *Jewish Consumptives Relief Society*, 323 id. 389; *Kinnare* vs. *City of Chicago*, 171 id. 332.) The reason for this rule lies in the fact that a school district of the character here considered is created merely to aid in the administration of the State government. It owns no property, has no private corporate interests, and derives no special benefits from its corporate acts. It is simply an agency of the State having existence for the sole purpose of performing certain duties deemed necessary to the maintenance of "an efficient system of free schools" within its jurisdiction. In creating such district the State acts in a sovereign capacity for the more efficient exercise of governmental functions resting in the State, and such district is exempted from the obligation to respond in damages, as master, for the negligent acts of its servants to the same extent as is the State itself, unless liability is expressly provided by the statute. (*Nagle* vs. *Wakey*, 161 Ill. 387; *Wilcox* vs. *City of Chicago*, 107 id. 334; *Town of Waltham* vs. *Kemper*, 55 id. 346.) In *People* vs. *Board of Education*, 255 Ill. 568, and *Bradbury* vs. *Vandalia Drainage District*, 236 id. 36, the distinction between corporations liable for negligent or wrongful acts of their agents, and those which are not is made clear. The latter, being public, involuntary *quasi* corpora-

238

tions, which are mere political or civil divisions of the State created by general law to aid in the general administration of the government, are not so liable, while those which are liable are so liable because they have privileges conferred upon them at their request, which are a consideration for the duties imposed. To the same effect is *Johnston* vs. *City of Chicago*, 258 Ill. 494.

Appellants rely upon *Winkelman* vs. *City of Chicago*, 213 Ill. 360, as authority for their contention that an action of trespass will lie against defendant. That case and the one at bar differ in the fact that there the suit was against the City of Chicago, a municipal corporation. The Board of Education of the City of Chicago is not a municipal corporation."

Respondent cites the case of *Lincke* vs. *Moline Board of Education*, 245 Ill. App. 459, and that Court in speaking of the liability of a Board of Education, on pages 462 and 463, stated:

"*******It is simply an agency of the State having existence for the sole purpose of performing certain duties, deemed necessary to the maintenance of an "efficient system of free schools" within the particular locality of its jurisdiction. The State acts in its sovereign capacity, and does not submit its action to the judgment of courts and is not liable for the torts or negligence of its agents, and a corporation created by the State as a mere agency for the more efficient exercise of governmental functions is likewise exempted from the obligation to respond in damages as master for negligent acts of its servants to the same extent as is the State itself, unless such liability is expressly provided by the statute creating such agency."

In all of the cases cited by claimant and respondent it is held that a Board of Education is a corporate entity, an agency of the State, and not a subdivision thereof.

Claimant predicates his case on the ground that a Board of Education is an agent of the State, and that Section 8 C of the Court of Claims Law gives this Court jurisdiction. Section 8 C reads as follows:

"All claims against the State for damages in cases sounding in tort, in respect of which claims the claimants would be entitled to redress against the State of Illinois, at law or in chancery, if the State were suable, and all claims sounding in tort against The Board of Trustees of the University of Illinois; provided, that an award for damages in a case sounding in tort shall not exceed the sum of $7,500.00 to or for the benefit of any claimant. The defense that the State or The Board of Trustees of the University of Illinois is not liable for the negligence of its officers, agents, and employees in the course of their employment shall not be applicable to the hearing and determination of such claims."

This section can only apply where the State would be liable for a tort action. The Section specifically gives a cause of action against The Board of Trustees of the University of Illinois in tort cases. It does not extend to any other corporate entity. If the Legislature intended to include Boards of Education, it could easily have done so. It certainly cannot be said that a Board of Education is an employee of the State of Illinois. The Legislature did not, under Section 8 C, extend the jurisdiction of this Court to cases involving tort liability of agents, servants, and employees of Boards of Education.

There is a distinction between work performed by the State through an agent, and work performed by a corporation in the exercise of a governmental function delegated by the State. The State did not employ the man, who is claimed to have caused the injury to the claimant. This man was employed by the Board of Education, and his salary paid by said Board of Education. Employees hired by a Board of Education in the performance of governmental functions are the employees of the corporation and not of the State.

The State, under a Constitutional provision, cannot be sued either at law or in equity, and it cannot by statute waive immunity. It can by appropriate action delegate to the Court of Claims jurisdiction to make awards on claims cognizable by it. This requires a definite action on the part of the State, and, having failed to extend the law to include Boards of Education, this Court is without jurisdiction to entertain such a claim.

For the reasons assigned, the Court is compelled to vacate its order of June 8, 1951, to sustain the motion of respondent, and to dismiss the claim.

## SUPPLEMENTAL OPINION

SCHUMAN, C. J.

The petition for rehearing indicates that claimant has misconstrued the term "agency", as applied to the Board of Education of the City of Chicago in the Court's prior opinion.

In *People* vs. *Barrett*, 382 Ill. 321, the Supreme Court had before it the question of determining the status of the University of Illinois as a corporate entity, and its relation to the State government. The Court, on page 343, said:

"It functions solely as an agency of the State for the purpose of the operation and administration of the University for the State. *In doing this, it functions as a corporation, separate and distinct from the State, and as a public corporate entity* with all the powers enumerated in the applicable statutes, or necessarily incident thereto. It has and can exercise no sovereign powers. It is no part of the State or State government. (Emphasis supplied.)"

The Court, on page 347, said:

"In the sense that it is a department or branch of the State government, the University of Illinois is not an agency or instrumentality of the State. It is a separate, corporate entity, which functions as a public corporation."

The Court, in its opinion, thought it had made the point clear that the Board of Education was a separate corporate entity functioning as a public corporation, and, in this sense, not acting as an "agent", but in its own capacity. While it is an agency set up by the State, it is set up as a separate and distinct corporate entity, and functions in conformity with the statute creating it, and not as an agent.

The statute provides that the Board of Education is a body politic and corporate, and may sue and be sued in all Courts.

It is in the sense that the Board of Education is a corporate entity, and, as such, carries on its functions distinct from the State, that it does not come under

Section 8 C of the Court of Claims Law, because, as such, it is not an agent of the State.

For the reasons above assigned, the petition for rehearing is denied.