## Mary J. Lincke, Plaintiff in Error, v. Moline Board of Education, Defendant in Error.

### Gen. No. 7,725.

1. MUNICIPAL CORPORATIONS—*distinction between voluntary and involuntary.* The distinction between involuntary, public, *quasi* corporations and voluntary municipal corporations is that the former are created by the State to aid in government and are not liable at common law or the law of Illinois for neglect of duty except as expressly made so by statute, but the latter are liable for neglect of duties imposed in return for privileges conferred upon them at their request.

2. SCHOOLS AND EDUCATION—*liability of board of education for neglect of duty.* A board of education is an involuntary corporation, created by general law of the State to execute governmental duties, without private corporate interests or benefits conferred upon it, and is simply an agency of the State that is not liable for neglect of duty except when made so by statute.

3. MUNICIPAL CORPORATIONS—*liability for neglect of duty.* A municipal corporation exercises two functions, one, public or governmental in executing which it is not liable for neglect of duty, and the other, private or proprietary in executing which it is liable for neglect of duty in the same way as private corporations or individuals.

4. SCHOOLS AND EDUCATION—*character of school districts.* School districts are governmental agencies of the State existing for the sole purpose of maintaining an efficient system of free schools and have only such powers as are conferred by the State expressly or by necessary implication.

5. SCHOOLS AND EDUCATION—*grant of use of schools for hire or profit.* Under Cahill's St. ch. 122, ¶ 123, providing for granting the use of school halls and classrooms for public, educational and social interests, school directors and boards of education have no express or implied power to make such grant for hire or profit.

6. SCHOOLS AND EDUCATION—*grant of use of schools for social and educational purposes.* The permission given to school authorities under Cahill's St. ch. 122, ¶ 123, to grant the use of school rooms for social and educational uses to the public, is for a use harmonious with the objects for which public schools are conducted.

7. SCHOOLS AND EDUCATION—*expense charge for public use of schools as exercise of governmental power.* A charge by a board of education to the public using school rooms for social purposes, to cover incidental expenses of such use, is within the governmental power of the board which is not liable for neglect of duty on such occasion.

8. SCHOOLS AND EDUCATION—*liability for ultra vires act in charging for use of school.* A charge for profit by a board of education to a part of the public using school rooms for social purposes is *ultra vires* on its part and the district cannot be made liable for any neglect of duty on such occasion.

9. SCHOOLS AND EDUCATION—*liability for negligence.* The fact that school boards have been given the power to sue and be sued and are under duty to repair school houses does not affect the rule they are not liable for negligence in maintaining school buildings.

Appeal by plaintiff from the Circuit Court of Rock Island county; the Hon. CHARLES J. SEARLE, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed September 24, 1927.

ANDREW R. KOPP, for plaintiff in error.

WOOD, McNEAL & WARNER, for defendant in error.

MR. JUSTICE JONES delivered the opinion of the court.

Mary J. Lincke, plaintiff in error, instituted this suit in the circuit court of Rock Island county against Moline Board of Education, defendant in error, to recover damages which she alleges were occasioned by falling upon an outdoor landing in the steps of the sidewalk on the high school grounds, leading from the street to the school building. The declaration alleges that by reason of the defective construction of the said landing ice accumulated thereon rendering it slippery and dangerous; that defendant in error let out the auditorium of the building to a church society for $25 for an entertainment as hire, reward, revenue and profit; that she paid in advance to the society the admission price for the entertainment, and while on her way to attend the same, at the invitation of defendant in error, she fell on the landing and was injured through its alleged negligence; and that defendant was acting in a proprietary capacity for revenue and profit at the time of the invitation and injury. The defendant filed a general and special demurrer to the declaration. The court sustained the general demurrer and plaintiff in error having elected to stand by her declaration, judgment was entered against her.

The question involved in this case is whether a school board is liable in damages under such circumstances as are alleged in the declaration. It is urged that defendant in error is a municipal corporation and by statute is capable of suing and being sued; that it was acting in a proprietary capacity and is therefore liable.

There is definite distinction between the liability of voluntary municipal corporations, such as cities created for their own benefit, and involuntary *quasi* corporations established by law as civil divisions of the State. At common law, actions for a dereliction of duty were maintainable against the former, but the latter, existing only as an agency of the State, were not liable. Such is the rule in Illinois. (*Town of Wal-*

*tham v. Kemper,* 55 Ill. 346.) The ground of distinction is that public, involuntary, *quasi* corporations are mere political divisions of the State created by general laws to aid in the general administration of the government and are not so liable, while those that are liable have privileges conferred upon them at their request, constituting a consideration for the duties imposed upon them. (*Bradbury v. Vandalia Levee & Drainage Dist.,* 236 Ill. 36, 46.)

In regard to public, involuntary, *quasi* corporations, the rule is that there is no implied liability imposed upon them. These, such as counties, townships, school districts, road districts and other similar *quasi* corporations exist under general laws of the State, with territory apportioned into local subdivisions for the purposes of civil and governmental administration. In such organizations the duties, and their correlative powers, are assumed *in invitum* and there is no responsibility to respond in damages in a civil action for neglect in the performance of duties, unless a right of action is given by statute. (*Elmore v. Drainage Com'rs,* 135 Ill. 269; *Haines v. State Board of Agriculture,* 184 Ill. App. 191.)

A board of education is a corporation or *quasi* corporation created *nolens volens,* by the general law of the State to aid in the administration of the State government, and charged, as such, with duties purely governmental in character. It owns no property, has no private corporate interests and derives no special benefits from its corporate acts. It is simply an agency of the State having existence for the sole purpose of performing certain duties, deemed necessary to the maintenance of an "efficient system of free schools" within the particular locality of its jurisdiction. The State acts in its sovereign capacity, and does not submit its action to the judgments of courts and is not liable for the torts or negligence of its agents, and a corporation created by the State as a mere agency for

the more efficient exercise of governmental functions is likewise exempted from the obligation to respond in damages as master, for negligent acts of its servants to the same extent as is the State itself, unless such liability is expressly provided by the statute creating such agency.

Plaintiff in error urges that defendant in error was exercising an authorized proprietary function under section 115 of the School Law (Cahill's St. ch. 122, ¶ 123). It is elementary that the powers and duties of municipal corporations, such as cities, are of two kinds: 1st, public or governmental, and 2nd, private or proprietary. They are not liable for negligence when exercising governmental functions. When performing proprietary functions they are chargeable with the same duties and obligations as private corporations and ordinary individuals. School districts derive their existence and all their powers from the legislature and have no inherent powers. (*City of Chicago v. M. & M. Hotel Co.,* 248 Ill. 264, 269.) They have only such powers as are conferred expressly or by necessary implication. (24 R. C. L. Schools, sec. 7.) School districts are charged with duties purely governmental in character and are agencies of the State, existing for the sole purpose of performing duties in connection with the maintenance of an efficient system of free schools (*Kinnare v. City of Chicago,* 171 Ill. 332), and differ from cities and other municipal corporations which have power to function in certain private capacities.

It is urged by plaintiff in error that the provisions of section 115 of the School Law delegates a proprietary function to school directors and boards of education and that the declaration therefore states a cause of action within its terms. That section provides for granting the use of assembly halls and classrooms when not otherwise needed, including light, heat and attendants, for public lectures, concerts and other edu-

cational and social interests, under such provisions and control as they may see fit to impose, and to conduct or provide for the conducting of recreational, social and civic activities in the school buildings under their control; but it does not expressly nor by necessary implication authorize a grant for hire, reward, revenue or profit as charged in the declaration. Any different construction would be utterly at variance with the single purpose for which school districts are created and maintained, as expressed in the constitution and the statutes and as limited by repeated decisions of the courts of this State. The use of school property for such purposes is not out of harmony with the object for which schools are conducted, but stimulates and fosters the interest of the pupils and patrons and promotes the efficiency of public schools.

It matters not whether the charge of $25 was for the use of the auditorium and a mere incidental charge to reimburse the Board of Education for light, heat, etc., or whether it was purely for profit. If it was the former, we think it was within the power of the Board in connection with its governmental function. If it was for the latter, then it was beyond the power of the School Board. In either case no liability would attach to the Board of Education on account of the injury to plaintiff in error. Where governing bodies of municipal corporations engage in unauthorized enterprizes, the corporation cannot be made liable for resulting damages. (*Tollefson v. City of Ottawa*, 228 Ill. 134.)

The fact that there is a provision in the statute that a school board may sue and be sued does not change the rule of their nonliability in tort actions of this kind. (24 R. C. L. Schools, sec. 60; *Town of Waltham v. Kemper, supra; Daniels v. Board of Education of City of Grand Rapids,* 191 Mich. 339, L. R. A. 1916 F 468.) Nor does the fact that boards of education are charged with the duty of making repairs and improve-

ments to schoolhouses affect such rule. (*Kinnare v. City of Chicago, supra; Freel v. School City of Crawfordsville,* 142 Ind. 27, 37 L. R. A. 301.)

The declaration in this case did not state a cause of action and the demurrer was properly sustained. The judgment of the circuit court is accordingly affirmed.

*Judgment affirmed.*