(No. 1479—

SAM PERETZ, ADMINISTRATOR OF THE ESTATE OF GEORGE PERETZ, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1929.*

MILLER, GORHAM AND WALES, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

The declaration alleges that on April 19, 1928, Plamondon Public School in the City of Chicago was under the jurisdiction of the Board of Education of the City of Chicago; that along the north yard of the school was an eight foot brick wall built to protect the pupils from traffic in an alley running along the school yard; that plaintiff's intestate, George Peretz, was a pupil at the school: "that it was the duty of the Board of Education of the City of Chicago through its employees, agents and servants to inspect, maintain and keep in repair the said wall so that it would not be likely to cause injury to anyone upon the premises, but that the Board of Education through its employees, agents and servants wholly failed in its duty to keep the wall in a safe condition;" that

on the 19th day of April, 1928, while plaintiff's intestate in the exercise of all due care and caution was lawfully on said premises as a pupil at said school, said wall "by reason of and as a proximate result of the aforesaid negligence of the employees, agents and servants of the Board of Education of the City of Chicago, suddenly collapsed and fell, pinning the said George Peretz underneath much debris from which he received and suffered fatal injuries, whereof he died on the 19th day of April, A. D. 1928." The declaration also alleges the appointment of claimant as administrator of the deceased, the heirs of deceased, etc., and asks an award of $10,000.00 against the State. To this declaration the State has filed a general demurrer.

There is nothing in the declaration, or the argument in support of it, indicating upon what theory claimant has filed his suit against the State instead of the Board of Education of the City of Chicago. The declaration itself shows if claimant has any cause of action it is against the Board of Education and not against the State. The constitution has imposed upon the General Assembly the duty of providing "a thorough and efficient system of free schools, whereby all children of this State may receive a good common school education." (Constitution, Sec. 1, Art. 8). In compliance with this provision of the constitution the General Assembly has created school trustees, school districts and boards of education and imposed upon them the duty of maintaining schools in their respective jurisdictions. They are clothed with certain specified powers and charged with the performance of certain named duties, but such powers and duties are limited to the territory included within their boundaries. They are local *quasi* corporations created by general law to aid in the administration of the government in their respective localities. They own no property, have no corporate interests and derive no special benefits from their corporate acts. They are mere agencies of the State existing for the sole purpose of performing the duties necessary to the maintenance of free schools within their respective jurisdictions. They can only act through agents and servants and are not liable for damages caused by the negligence or carelessness of such agents and servants. (*Kinnare* v. *City of Chicago*, 171 Ill. 332; *Lindstrom* v. *City of Chicago*, 331 Ill. 144; *Lincke* v. *Moline Board of Education*, 245 Ill. App. 459).

358

The Board of Education of the City of Chicago is given general management and supervision of the public schools of the city and is charged with the duty of maintaining an efficient public school system in the city whereby all the children of the city may receive a good common school education. It is clothed with all the powers necessary to effectually perform that duty. In the exercise of these duties it is but an agency of the State, and the State is never liable for damages caused or suffered by the negligent or careless conduct of its agents. (*Lindstrom* v. *City of Chicago, supra; Kinnare* v. *City of Chicago, supra.*)

The declaration fails to state a cause of action against the State and the demurrer must be sustained.

The case is therefore dismissed.