Thomas Molitor, a Minor, by Peter Molitor, his Father and Next Friend, Plaintiff-Appellant, v. Kaneland Community Unit District No. 302, Defendant-Appellee.

Gen. No. 11,268.

Second District, First Division.

February 26, 1959.

Released for publication March 16, 1959.

Reid, Ochsenschlager, Murphy & Hupp, of Aurora (Frank R. Reid, Jr., L. M. Ochsenschlager, William C. Murphy, Robert B. Hupp, of counsel) for appellant.

Matthews, Jordan, Dean & Suhler, of Aurora, and Burrell & Holtan, of Freeport, and Carbary & Carbary, of Elgin (John T. Matthews, David M. Burrell, Roger W. Eichmeier, of counsel) for defendant-appellee.

JUSTICE McNEAL delivered the opinion of the court.

This action was brought against a school district to recover damages for personal injuries sustained by a pupil when he was riding in a school bus. It was alleged that the bus left the road as a result of the driver's negligence, hit a culvert, burned, and thereby caused plaintiff's injuries. The defendant district moved to dismiss the pupil's complaint on the ground that a school district is immune from liability for tort. Plaintiff contended that dismissal of his action would violate his rights under sections 2 and 19 of Article II of the Constitution of Illinois and section 2 of the 14th Amendment to the Federal Constitution, and filed a motion to strike the district's motion to dis-

miss. The circuit court denied plaintiff's motion to strike, dismissed the action, and entered judgment in favor of the defendant. Plaintiff promptly filed a notice of appeal to the Supreme Court. Since no debatable constitutional question was presented, the Supreme Court found that the case was wrongfully appealed to that court, and transferred the case to this court.

The plaintiff, Thomas Molitor, a minor aged 13 years, brought this action by his father and next friend. In his complaint it was alleged in substance that on March 10, 1958, the defendant, Kaneland Community Unit District No. 302, was a district organized and existing under the provisions of sections 8–9 to 8–13 of the School Code (Par. 8–9 to 8–13, Ch. 122, Ill. Rev. Stat. 1957). The district operated school buses within the district for the transportation of pupils between their homes and the several schools in the district, pursuant to section 29–5 of the School Code (Par. 29–5, Ch. 122, Ill. Rev. Stat. 1957). James Meredith was the driver of a school bus and an agent or servant of the defendant district. About 3:30 P. M. on that day, plaintiff and seventeen other minors, all pupils of the district, were passengers in the bus operated for the district by Meredith and were proceeding from school to their homes. Plaintiff was in the exercise of such ordinary care for his own safety as could be reasonably expected of a boy of his age, intelligence, mental capacity and experience. Defendant negligently managed and controlled the bus, or failed to keep a proper lookout, or drove at a speed greater than was reasonable and proper with regard to traffic conditions and the use of the way, and as a result of such negligence the bus left the main traveled portion of a public highway, called Snowbone Road, at a point about two miles west of its intersection with Illinois Route 47, and crashed into a cement culvert,

557

exploding the gasoline tank, and causing the bus to burst into flames. Plaintiff alleged that he sustained permanent and severe burns and injuries as a result of defendant's negligence, and prayed for judgment in the amount of $56,000 against the district.

The complaint contains no allegation of the existence of insurance or other non-public funds for the payment of a judgment. According to plaintiff's abstract of the record, the district did carry public liability insurance with limits of $20,000 for each person injured and $100,000 for each occurrence. In Thomas v. Broadlands Community Consol. School Dist. 201, 348 Ill. App. 567, 109 N.E.2d 636, the court held that a school district by carrying public liability insurance, waived its immunity from tort liability to the extent of such insurance. It is conceded that the inclusion of an allegation in the instant complaint that the district carried liability insurance as shown by the abstract, would make a good complaint to the extent of such coverage. However, plaintiff states that he purposely omitted such an allegation from his complaint in this case.

In his briefs addressed to the Supreme Court and transferred here, plaintiff states that it is his theory that the rule of immunity of a school district to suit in a personal injury action should be abolished or found inapplicable to a district such as Kaneland which was organized through the voluntary acts of petition and election by the voters of the district, as contrasted with a district created *nolens volens* by the state. Plaintiff contends that the doctrine of sovereign immunity as to a school district was erroneously adopted in Illinois after it had been abandoned in England; that the doctrine is without justification on any principle of morality or justice, is inapplicable to modern society, and violates both the State and Federal Constitutions.

■■ In urging the Supreme Court to take his appeal on constitutional grounds, plaintiff suggested that Appellate Courts are bound to follow decisions of the Supreme Court and may not re-examine questions of policy and principle, as that court is empowered to do. With this suggestion we agree. Since the Supreme Court could find no constitutional question involved in this case, it follows that plaintiff's contentions with respect to violations of his constitutional rights are eliminated from consideration here. Further, the immunity of a school district from tort liability is an accepted and established legal principle in Illinois, and has been recognized by repeated decisions of our Supreme Court. Kinnare v. Chicago, 171 Ill. 332, 334; Lindstrom v. Chicago, 331 Ill. 144, 147; Leviton v. Board of Education of Chicago, 374 Ill. 594, 599; Schreiner v. Chicago, 406 Ill. 75, 91. It is our duty to follow the law as laid down in these decisions by our Supreme Court (14 I. L. P. 216, Courts Par. 82) and the principle of school district immunity from tort liability has been followed by this court. Lincke v. Moline Board of Education, 245 Ill. App. 459. Accordingly plaintiff's contentions that this principle of immunity was erroneously adopted and has no moral justification are not now subject to re-examination by this court.

■ For similar reasons the defendant district's immunity from tort liability was not impaired by its voters' voluntary petition and election to form a community unit district. In the Lindstrom case the Court said that "The reason for this rule (of immunity from tort liability) lies in the fact that a school district of the character here considered is created to aid in the administration of the State government. It owns no property, has no private corporate interests and derives no special benefits from its corporate acts. It is simply an agency of the State, having its existence

for the sole purpose of performing certain duties deemed necessary to the maintenance of 'an efficient system of free schools' within its jurisdiction. In creating such a district the State acts in a sovereign capacity for the more efficient exercise of governmental functions resting in the State, and such district is exempt from the obligation to respond in damages, as master, for the negligent acts of its servants to the same extent as is the State itself, *unless liability is expressly provided by the statute.*" Likewise, Unit District No. 302 was created to aid in the administration of the State government. It owns no property, has no private corporate interests and derives no special benefits from its corporate acts. It exists for the sole purpose of performing certain duties necessary for the maintenance of a system of free schools within its jurisdiction. In authorizing a certain number of voters residing within the territory of District No. 302 to petition for, and a majority of the voters therein to elect to establish a unit district, the State merely acted in a sovereign capacity for the more efficient exercise of the governmental function of maintaining an efficient system of free schools in the territory involved. The method authorized by general law for the establishment of a unit district is not fundamentally different from that provided for creating or changing boundaries of school districts described by the Supreme Court as "created *nolens volens* by the general law," and we believe that the immunity of such districts from tort liability is equally applicable to a unit district.

In providing a system of free transportation of pupils to and from school, the unit district acted in compliance with its mandatory duty under section 29–5 of the School Code in the performance of a governmental function. Section 29–11a of the Code author-

izes any school district which provides transportation for pupils to insure against any loss or liability resulting from or incident to the ownership, maintenance or use of any school bus, and the company issuing such insurance is required to waive any right to refuse payment or deny liability within the limits of such insurance "by reason of the non-liability of the insured school district for the wrongful or negligent acts of its agents or employees and its immunity from suit, as an agency of the state performing governmental functions."

Absent the existence of a statute expressly providing for tort liability or an allegation of the existence of insurance or other non-public funds for the payment of a judgment herein, we conclude that the law in Illinois is clear that a school district is not liable for injuries resulting from tort; that such non-liability has been recognized by numerous decisions of our Supreme Court and by the General Assembly; that the reasons for such non-liability extend to and include a district organized as a community unit district under sections 8–9 to 8–13 of the School Code; and that the trial court correctly dismissed plaintiff's complaint and entered judgment in favor of the defendant district. The judgment of the Circuit Court of Kane County is affirmed.

Affirmed.

SPIVEY, P. J. and DOVE, J., concur.