ELLSWORTH BRAND, Plaintiff-Appellant, *v.* SERTOMA CLUB OF SPRINGFIELD *et al.*, Defendants.—(BOARD OF EDUCATION OF SCHOOL DISTRICT No. 186, Defendant-Appellee.)

Fourth District   No. 13385

Opinion filed June 17, 1976.

Robert E. Stine, of Drach, Terrell and Deffenbaugh, P.C., of Springfield, for appellant.

Walter J. Simhauser, of Springfield, for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Plaintiff appeals from a summary judgment granted in favor of the defendant, Board of Education, upon his complaint for personal injuries.

Plaintiff alleged that a service club described as a not-for-profit corporation and its affiliate organized as a voluntary association, sponsored and conducted an exhibition described as a "Roller Derby"; that the Board permitted the gymnasium to be used by such service club and the exhibitor with which it had a contract; that the defendant had a duty to provide safe and adequate crowd control but that it failed "to provide adequate security personnel" to control the spectators, and that it negligently allowed overcrowding of the gymnasium facility. In a separate count it is alleged that plaintiff was caused to fall "by the on-rush of a massive crowd."

The hearing on a motion in summary judgment included discovery and evidentiary depositions of a number of witnesses. In sum, the record shows that the plaintiff voluntarily chose a seat in the top row of a set of bleachers. A rail some 24 inches high extended across the back of the facility. There is no testimony of any defect or dangerous condition of the rail, the bleachers or any other physical feature. At the conclusion of the event plaintiff sat for four or five minutes as the crowd moved out, then stood on the top seat of the bleacher to move toward the aisle. There is no statement that persons standing on the bleachers were pushing or shoving, but it is stated that "a large woman" pushed against plaintiff and that he fell over the rail injuring his shoulder.

The record shows that the service club procured a permit to use the gymnasium and paid the sum of $80 for which defendant provided janitors to set up and remove the bleachers and chairs, and to clean the premises following the event. A supervising employee observed the gymnasium from time to time to remove the debris from the floor, and to protect the building. The service club expressly assumed responsibility for crowd control and provided 2 firemen and 25 uniformed auxiliary police.

The order of the trial court found that the defendant did not assume to exercise any control over those attending the event, and that plaintiff's

injury was not caused by any condition or other factors over which the defendant had any control.

■■■ Plaintiff argues that we must *assume* that the defendant Board entered into a landlord-tenant relationship and that if the Board, as landlord, retained control of the premises, liability is a jury question. It is argued that steps taken by the defendant to protect the building is an exercise of control. Defendant argues that the plaintiff has failed to show any duty owed by the defendant.

Black's Law Dictionary states that a lease is a conveyance of land "in consideration of a return of rent or some other recompense." Section 10—22.10 of the School Code (Ill. Rev. Stat. 1971, ch. 122, par. 10—22.10) places the control and supervision of all public schoolhouses in the Board of Education, and authorized it:

> " [T]o grant the use of assembly halls and class rooms when not otherwise needed, including light, heat and attendants, for public lectures, concerts, and other educational and social interests, under such provisions and control as they may see fit to impose * * *."

In *Lincke v. Moline Board of Education*, 245 Ill. App. 459, 464, it was held that a substantially identical provision "does not expressly nor by necessary implication authorize or grant [for use] for hire, reward, revenue or profit as charged in the declaration." Upon a comparable claim for injuries *Lincke* held that the trial court properly sustained a general demurrer to the complaint.

■■ Upon such authority there is no legal basis for the assumption of a lessor-lessee relationship. No authority has been cited which requires us to find that the use of custodians to protect the school building is such a control as creates a liability here under a duty owed to patrons of those procuring the use of the building under the statute. In the absence of a landlord-tenant relationship, those cases dealing with a lessor who retains control of a portion of the premises are not determinative.

The judgment is affirmed.

.Affirmed.

`CRAVEN and SIMKINS, JJ., concur.