City of Chicago, a Municipal Corporation, Appellant, v. City of Chicago, Trustee for use of Schools, and Board of Education of City of Chicago, Appellees.

## Gen. No. 31,219.

SCHOOLS AND EDUCATION—*liability for tort.* A school district or board of education, being a State agency and holding its property in trust, is not subject to an action in tort for personal injuries.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. JOSEPH L. McCARTHY, Judge, presiding. Heard in the first division

of this court for the first district at the October term, 1926. Affirmed.
Opinion filed February 7, 1927.

FRANCIS X. BUSCH, Corporation Counsel, and JOHN
J. KELLY, City Attorney, for appellant; CHARLES W.
STIEFEL, JR., Assistant City Attorney, of counsel.

FRANK S. RIGHEIMER, for appellees; RALPH W. CON-
DEE, JOHN A. COOKE, LEO V. ROEDER and FRANK F.
TRUNK, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the
court.

The City of Chicago brought suit against the City
of Chicago, as trustee for the use of the schools, and
the Board of Education of the City of Chicago, filing
a statement of claim which alleged that the Board of
Education was in possession of and occupied certain
premises, the title to which was in the City of Chicago
in trust for the use of schools; that the statutes of the
State, namely, paragraph 156 of chapter 122, Cahill's
Revised Statutes of 1925, imposed certain duties enu-
merated upon the board; that upon the sidewalk ad-
joining and in front of these premises was a large coal
hole, which was used for the purpose of delivering coal
to the premises occupied by the board; that it became
and was the duty of the defendants to keep this coal
hole in a reasonably safe condition for the use of the
public, but that the defendants disregarded their duty
and permitted the hole to be in a state of disrepair and
dangerous to persons using the sidewalk; that upon
May 28, 1922, one Margaret Ray tripped upon the hole
in the sidewalk and was injured, and that on February
15, 1923, she brought suit and recovered judgment in
the sum of $1,000; that the defendant Board of Educa-
tion was notified of the pendency of the suit, and was
further notified to pay such judgment after the same
was recovered but failed to do so.

The defendants filed an appearance and made a motion to strike this statement of claim upon the grounds, first, that it did not state a cause of action; second, that the defendants were created by and performed their acts and duties solely in obedience to the statutes of the State of Illinois, and are therefore State agents acting in a governmental capacity, and not liable for negligence in the performance of such duties; third, that the property described in the statement of claim was owned and occupied by the State of Illinois and the title held in the name of the plaintiff.

A motion to strike was granted, the suit dismissed and judgment entered for the defendants.

The sole question in the case is whether the statement of claim set forth a good cause of action. As a general rule a school district or a school board is not, in the absence of a statute imposing a liability, subject to suit in tort for personal injuries. There are two reasons for this rule, first, that a school board acts *nolens volens* as an agent of the State, performing a purely public or governmental duty imposed upon it by law, for the benefit of the public and for the performance of which it receives no profit or advantage; second, since the property which it possesses is held in trust, the payment of judgments in tort would amount to a diversion or, in some cases, a destruction of the trust. Such is the general rule. (See note to *Stovall v. Toppenish School Dist. No. 49, Yakima County*, 110 Wash. 97, 188 Pac. 12, 9 A. L. R. 908, 911, and the cases there cited. See also 24 R. C. L. 604, 605.)

The contrary rule seems to obtain in England. See *Crisp v. Thomas* (1890), 63 L. T. N. S. 756, and New York seems to have modified the general rule in *Wahrman v. Board of Education of City of New York*, 187 N. Y. 331, that case, however, being decided upon a record which, it would appear, precluded the court from following the general rule because of the absence of an exception to the charge given to the jury.

330    APPELLATE COURTS OF ILLINOIS.

City of Chicago v. City of Chicago, etc., 243 Ill. App. 327.

The cases cited in the briefs fail to disclose that the Supreme Court of Illinois has never departed from the general rule, but that on the contrary it has rigidly adhered thereto. *Kinnare v. City of Chicago,* 171 Ill. 332; *Brenan v. People ex rel. Kraus,* 176 Ill. 620; *Bradbury v. Vandalia Levee & Drainage Dist.,* 236 Ill. 36; *People ex rel. Biddison v. Board of Education of Paris Union School Dist.,* 255 Ill. 568; *Johnston v. City of Chicago,* 258 Ill. 494.

The plaintiff suggests that this rule has ceased to control by reason of the enactment in April, 1917, of amendments to the school laws of this State, which confer certain corporate powers on the Board of Education, such as that it may sue and be sued, etc. These amendments, however, do not disclose any change in the policy of the State with reference to the use of the school board as an arm of the State government, and in *People v. Bither,* 231 Ill. App. 301, this court said of this legislation: ''None of these amendments, in our opinion, has any tendency to change the grounds of the Supreme Court's holding that the board is a part of the municipal government.''

Our attention is called to *Bedtke v. City of Chicago,* 240 Ill. App. 493, indicating the view that the doctrine of the nonliability for torts where municipalities act as an arm of the State government arises from a misconception of the early law. We are not disposed to disagree with that decision or take issue on the statement there made *obiter* as to the reasons for the earlier statement of the law. However, the doctrine of the nonliability of such municipalities when acting in a governmental capacity is so firmly fixed in the law of this State that only a statute expressing the intention of the legislature so to do can change it.

For the reasons indicated the judgment of the municipal court is affirmed.

*Affirmed.*

McSURELY, P. J., and JOHNSTON, J., concur.