Valida Densby Carboni, Administratrix of the Estate of Marshall O. Densby, Deceased, Appellant, v. Frederick H. Bartlett, Appellee.

Gen. No. 39,206.

Opinion filed

May 19, 1937.

Vincent G. Gallagher and Bernard McDevitt, Jr., both of Chicago, for appellant.

Cooke, Sullivan & Ricks, of Chicago, for appellee.

Mr. Presiding Justice Denis E. Sullivan delivered the opinion of the court.

This is an appeal from an order sustaining a demurrer filed by defendant to a replication filed by plaintiff and also overruling a demurrer filed by the plaintiff to a plea filed by defendant and dismissing a suit for personal injuries sustained by plaintiff's intestate. The administratrix, as plaintiff, is seeking to recover damages for injuries alleged to have been sustained by her husband, Marshall O. Densby, as a result of defendant's negligence.

The order dismissing the suit was the sequence of decisions made by the trial court on questions of law arising on the pleadings and the suit was dismissed without a trial, from which plaintiff appeals.

The original plaintiff, Marshall O. Densby, who has since died, filed his suit on August 30, 1926. On October 22, 1926, he filed his declaration and later an amended declaration. He alleges in his amended declaration that on June 23, 1918, the defendant was engaged in selling real estate in the City of Chicago and that he, the plaintiff, was a prospective purchaser in the sale of lots being sold by defendant; that in and about the defendant's business he maintained and operated automobiles operated by his servants for the purpose of carrying persons from defendant's subdivision to their homes and represented himself as

owning and operating said automobiles and the drivers of said automobiles as his servants in that behalf; that on said day he, the plaintiff, at the invitation of the defendant Frederick H. Bartlett, became a passenger in said automobile and while in the exercise of ordinary care, the automobile was so negligently driven by defendant's servant that it ran over a safety island at 33rd and South Park avenue in Chicago, as a result of said negligent conduct, his failure to drive to the right of the center of the street, and also because of his driving at an excessive rate of speed, that he, the plaintiff was injured.

Plaintiff in his amended declaration further alleged that he was grievously damaged by being injured and that he lost profits in his baking business following the accident because of the injuries he sustained.

To this amended declaration the defendant filed four pleas, as follows:

*First,* the plea of not guilty;

*Second,* the 2 years Statute of Limitations;

*Third,* nonownership and operation of the automobile; and

*Fourth,* that of former adjudication.

To the pleas of the defendant the plaintiff thereafter filed as follows:

To defendant's first plea of not guilty, the plaintiff tendered issue by filing a similiter;

To defendant's second plea of the statute of limitations, the plaintiff took issue by filing a replication;

To defendant's third plea, that of nonownership, and operation plaintiff tendered issue by filing a similiter; and

To defendant's fourth plea, that of former adjudication [wherein they alleged in substance that plaintiff had recovered a verdict of $40,000 in a former suit and that judgment was entered for $25,000 upon a remittitur which judgment was later affirmed by the Appel-

late Court for the First District of Illinois, which judgment was thereafter reversed by the Supreme Court of Illinois in the case entitled, *Densby v. Bartlett,* 318 Ill. 616, and that the said judgment of the Supreme Court decided on the merits of the controversy that the defendant was not liable] a general and special demurrer was filed by the plaintiff, and for the special causes of demurrer the plaintiff contends:

(a) That the plea does not show the defenses, supposed to have been presented by the defendant to plaintiff's suit in the circuit court, are part of the cause of action as contained in plaintiff's declaration;

(b) That the plea does not show that all matters presented by the plaintiff's declaration now on file were joined in issue and disposed of in the former cause of action;

(c) That the Supreme Court of Illinois did not have the power to determine the former suit upon the merits as this would be a usurpation of the power and province of the jury and the exercise of power by said Supreme Court prohibited by the Constitution of the State of Illinois;

(d) That the Supreme Court was without the power to determine the issue of fact involved in said suit;

(e) That the Supreme Court was without the power to pass upon the merits of said suit;

(f) The averment in said fourth plea that said Supreme Court held there was no evidence in said cause tending to prove defendant liable to plaintiff for said supposed grievances and that said defendant did not own, possess, or control said automobile and was not the master or employer of the operator of said automobile and that plaintiff was injured by reason of any supposed negligence of the defendant as by the records of said cause most fully appears, is a pleaders' conclusion and not the pleading of matters of fact

from which this court can determine the nature and character of the judgment of the Supreme Court;

(g) That said Supreme Court has no power to make findings of fact in actions at common law coming before it for review as in said fourth plea is averred;

(h) That said plea is defective as a plea of former adjudication because it does not set up the legal judgment or the substance of the legal judgment that the Supreme Court was authorized by law to enter in said former suit.

The defendant also filed a general demurrer to the replication filed by the plaintiff to defendant's plea of the statute of limitations.

The order that was entered by the court sustaining defendant's demurrer to the replication and also overruling plaintiff's fourth plea of former adjudication was entered on July 17, 1936, and reads in part as follows:

". . . and leave is given to the defendant to file a demurrer instanter to plaintiff's replication to the defendant's second plea, and the Court having heard the arguments of counsel and authorities having been submitted, and being fully advised in the premises, the Court sustains the demurrer of the defendant to the replication of the plaintiff to defendant's second plea to plaintiff's second amended declaration, and plaintiff elects to abide by her replication, and the Court overrules the demurrer of the plaintiff to defendant's fourth plea to plaintiff's second amended declaration, and the plaintiff elects to stand by her demurrers."

In the second amended declaration of the administratrix-plaintiff, it is alleged that Densby's death was not caused by the injuries sustained by him at the time of the accident.

In the former suit which was brought by Densby against the defendant Bartlett, one Saracino was made

a codefendant, and the Supreme Court held that the facts proved the driver of the automobile was the servant of the general employer, Saracino, who hired and paid him, and who, alone, under the proof, was responsible for his negligence in driving the car. When the case came for trial in the circuit court the defendant Saracino was given an instructed verdict of not guilty, which action was affirmed by the Appellate Court. When the case was decided in the Supreme Court, that court in *Densby v. Bartlett,* 318 Ill. 616, said at page 628: "The proof does not show Saracino surrendered the manner in which the car should be driven wholly to the control and direction of appellant. The driver, while performing a special service for appellant, was performing work of his employer, Saracino, within the scope of his employment, viz., driving cars for persons who hired them from his employer. Many of the cases above cited expressly hold that the right of the hirer to direct the driver when and where to go, whom to haul and the route to travel does not place the driver under the control of the hirer as to the manner of driving the car. In that regard he is doing the work of the general employer and is not subject to the control of the hirer. In this case appellant was not authorized to discharge a reckless driver and replace him with another driver. At most he could dismiss the car and driver. In the absence of an agreement to do so, it cannot be inferred that the owner of cars of considerable value and requiring competent and skilled persons to drive them, and who employed as drivers men he was willing to trust, would authorize one to whom he hired them to discharge the drivers for any reason. . . . In obedience to the overwhelming weight of authority, not only of other jurisdictions but also of this State, we must hold that under the facts proved the driver of the car was the servant of the general employer, Saracino,

who hired and paid him, and who, alone, under the proof, was responsible for his negligence in driving the car. . . . The proof does not show that appellant held himself out as owner of the car and master of its driver.''

Counsel for plaintiff contends that the Supreme Court is bound by the finding of fact in the Appellate Court.

The decision in the case of *Densby v. Bartlett*, 318 Ill. 616, was referred to in the case of *Shannon v. Nightingale*, 321 Ill. 168, at page 174, the court in the latter case, said:

''The *Bartlett* case, after stating the rule that one in the general service of an employer may be transferred to the service of another for a particular work so as to become the servant of the latter in respect to that particular work, states that the most universal and unfailing test for determining the relation of master and servant is the power of the person for whom the work is done to discharge the servant; that where there is such power the relation of master and servant exists, and where the person for whom the work is done has not such power the relation of master and servant does not exist. It is not necessary to repeat the reasoning of that case, to refer to the authorities mentioned, or to recite further the principles of law considered. The application of those principles to the evidence was necessary to the determination of the question whether or not Pratt was the servant of the plaintiffs in error, and the determination of that question by the jury, approved by the judgment of the circuit court, which has been affirmed by the Appellate Court, in the absence of error of law precludes any review of the question by this court.''

From these two cases it will be seen that the merits of the controversy were passed upon by the Supreme Court and whether the Supreme Court had the power

to do so or not, it is sufficient to say that, from our interpretation of the language, used by said court, they did pass on the merits of said controversy.

It is further contended by plaintiff that this being a new suit, the plea of former adjudication, under the statute, could not be interposed, and that they have a right to maintain the suit by virtue of chapter 83, par. 26, sec. 2, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 107.285, wherein it is stated:

"In any of the actions specified in any of the sections of said Act, if judgment shall be given for the plaintiff, and the same be reversed by writ of error, or upon appeal; or if a verdict pass for the plaintiff, and, upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; or, if the plaintiff be nonsuited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors, or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

We do not believe that the legislature intended to give the right to a litigant, after having had his case reversed by a reviewing court, to commence the suit again where the case had been tried upon its merits and the reviewing court in passing upon the question submitted to it, also decided upon the merits of the controversy.

In the case of *Smith v. McNeal,* 109 U. S. 426, wherein the right to bring suit under a statute of Tennessee permitting suit to be brought within a year after reversal was considered, the court quoting from the case of *Hughes v. United States,* 4 Wall. 232, said:

" 'In order that a judgment may constitute a bar to another suit it must be rendered in a proceeding between the same parties or their privies, and the point

of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit.' See also Greenleaf's Evidence, sections 529, 530, and cases there cited.''

In the case of *In re Estate of Stahl,* 227 Ill. 529, the court at page 533, said:

''Where some controlling fact or question material to the determination of a cause has been adjudicated in a former suit before a court of competent jurisdiction and the same question is again at issue between the parties, its adjudication in the first case, properly presented, wil be conclusive of the same question in the latter suit, irrespective of the question whether the cause of action be the same in both suits. (*Hanna v. Read,* 102 Ill. 596; *Leigh v. National Hollow Brake-Beam Co.,* 224 id. 76; *Blackaby v. Blackaby,* 189 id. 342; *Pratt v. Griffin,* 223 id. 349.)''

In the case of *Rice v. Dougherty,* 194 Ill. App. 462, wherein a bill in chancery was filed and a special demurrer sustained because a former suit was brought within a year and claiming that the case was governed by chapter 83, section 25, Hurd's Rev. Stats., which is the same as the present Ill. State Bar Stats., the court said: ''Section 25 applies only to a case where there has been no final adjudication upon the facts upon which the claim is based. *Larkins v. Terminal R. R. Ass'n of St. Louis,* 122 Ill. App. 246. 'The intent of the statute (section 25) was that the time occupied in an unsuccessful litigation touching a demand—the statutory limitation expiring during the litigation—should not prove a bar, *where the merits of the controversy had not been determined,* but that a period

of one year should be allowed after the expiration of the unsuccessful litigation to bring a proper action to enforce the demand; and this whether the unsuccessful litigation be at law or in equity.' (Italics ours.) *Lamson v. Hutchings,* 55 C. C. A. 245.''

We think the fourth plea of the defendant in which he sets up the facts of the former adjudication was a complete defense to the declaration filed and, when the plaintiff filed his demurrer, he admitted the truth of the facts therein set up and, having elected to stand by his demurrer, the court was correct in dismissing the suit as there was no issue to try on that plea.

In 34 C. J. 1064, sec. 1503, it was said:

''Wherever there are any facts which will avoid the bar of a former adjudication, they should be set up by a reply to the plea, and not by demurrer. *Nul tiel* record is the proper reply where the former judgment is not a sufficient bar.''

In 15 R. C. L. 1047, it is said:

''If a plea of former judgment is interposed, and the plaintiff admits the existence of the record, that ends the matter, for the plea bars his suit, but if he wishes to deny it, he should do so by replying that there is no such record, and praying that it be inquired of by record.''

It is next contended by plaintiff that the court should not have entered judgment with costs against the administratrix and point to the language of the order: ''. . . and that the defendant recover his costs in this behalf expended.'' We think a fair construction of this language would mean that the defendant in the suit below should recover from the plaintiff, who was the administratrix, and in his contention we think the defendant is correct and the order should be so amended as to read: ''That the defendant recover his costs against the plaintiff, as administratrix, in due course of administration.''

For the reasons herein given the order of the superior court is affirmed in part and reversed in part with directions to amend the said order making the costs recoverable from the administratrix in due course of administration.

*Judgment affirmed in part; judgment reversed in part and remanded with directions.*

HEBEL and HALL, JJ., concur.