Robert Jones, Plaintiff-Appellant, v. Joseph Reuss, d/b/a **J & J** Service Station, Defendant-Appellee.

Gen. No. 49,240.

First District, First Division.

March 30, 1964.

Rehearing denied April 20, 1964.

Gomberg, Missner & Lacob, of Chicago (Sidney D. Missner, of counsel), for appellant.

Jacobs & McKenna, of Chicago (Barry L. Kroll, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Plaintiff, Robert Jones, appeals from an order sustaining defendant's motion to strike plaintiff's petition based on section 72 of the Civil Practice Act. Plaintiff seeks to modify an ex parte judgment entered February 15, 1962, which dismissed plaintiff's complaint, found defendant not guilty, and assessed costs against plaintiff.

The record shows the complaint and answer were filed in 1960. On September 7, 1961, an order was entered directing plaintiff to produce specified income

tax returns on or before October 1, 1961. Plaintiff did not comply with the order, and on November 14, 1961, pursuant to notice to plaintiff, a judgment was entered which dismissed plaintiff's complaint and found defendant not guilty. Subsequently, by stipulation of counsel, this judgment was vacated on December 14, 1961.

On January 30, 1962, defendant again filed a motion seeking to enforce compliance by plaintiff with the order to produce his income tax returns. This motion was continued for hearing until February 15, 1962, and on that day the court entered the instant judgment "that the plaintiff's complaint be dismissed, that plaintiff take nothing from the defendant by the action, that defendant be found not guilty, that costs be assessed against the plaintiff and that execution be issued therefor, that plaintiff's cause of action be determined, and that plaintiff go hence without day." About eleven months later, on February 13, 1963, plaintiff filed a motion to vacate the judgment of February 15, 1962, and, after a hearing, the motion was denied.

Subsequently, on April 24, 1963, plaintiff filed a petition expressly under section 72 to modify the judgment of February 15, 1962, alleging that the judgment "was entered through a mistake of fact, there being no motion filed by the defendant for the entry for that particular order, that there was no trial by jury, that the order entered on said day should have recited that because of the failure of the plaintiff to comply with the several orders of Court to produce his income tax form or to authorize the defendant to inspect them, the Complaint should have been stricken and the suit dismissed."

Defendant's motion to strike this petition alleges in substance (1) the February 13, 1963, order, "entered more than 30 days prior to the instant Petition,

is res judicata to the relief presently requested"; (2) plaintiff's present petition does not set forth facts indicating that he has exercised due diligence in preventing the entry of the ex parte judgment (Dann v. Gumbiner, 29 Ill App2d 374, 381, 173 NE2d 525 (1961); Colletti v. Schrieffer's Motor Service, Inc., 38 Ill App2d 128, 133, 186 NE2d 659 (1962); and (3) the relief granted by the court was within the jurisdiction and discretion of the court.

Plaintiff admits that the court had authority on February 15, 1962, to dismiss the complaint under Supreme Court Rule 19–12, which provides that if a party "unreasonably refuses to comply with any provision of Rules 17 to 19–12, both inclusive, or Rule 22, or fails to comply with any order entered under said rules, the court may, on motion," order that his complaint be dismissed and judgment entered on the remaining pleadings in the case. Plaintiff argues that the judgment of February 15, 1962, should have been limited to the prayer for relief in defendant's motion, which was "for an order striking [plaintiff's] Complaint and dismissing the lawsuit."

After examining the record, plaintiff's petition and defendant's motion to strike, and although any one of the three grounds set forth in defendant's motion to strike might be sufficient to sustain the order which struck plaintiff's petition, we have concluded the doctrine of res judicata is determinative here. In general terms, it is the rule that where the second action is on the same cause of action and between the same parties, all matters which might have been litigated or decided are conclusively settled by the judgment or ruling in the former action. 23 ILP, Judgments, § 378; Schoenbrod v. Rosenthal, 36 Ill App2d 112, 116, 183 NE2d 188 (1962).

Plaintiff's motion of February 13, 1963, to vacate the judgment of February 15, 1962, was treated by the court and counsel as a petition filed under the provisions of section 72, and was denied after a hearing on the merits. Plaintiff did not appeal from that final order, which was expressly appealable under the provisions of section 72(6). Although plaintiff's petition of April 24, 1963, seeks to modify rather than vacate the judgment of February 15, 1962, we believe this petition is essentially a second proceeding by plaintiff under the provisions of section 72. Therefore, it is a matter which might have been litigated or decided in the motion to vacate and is to be regarded as presenting a matter concluded by the order of February 13, 1963.

As we believe our conclusion and the reasons given therefor dispose of plaintiff's other contentions, the order appealed from is affirmed.

Affirmed.

BURMAN and KLUCZYNSKI, JJ., concur.