**Esther Casillas, a Minor, by Maria Casillas, her Mother and Next Friend, Petitioner-Appellant, v. Orville Rosengren, Defendant-Appellee.**

Gen. No. 66–136.

Second District.

August 9, 1967.

Herbert F. Stride, of Chicago, for appellant.

Matthews, Jordan, Dean and Suhler, of Aurora, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from an order entered by the trial court on March 18, 1966, that dismissed plaintiff's complaint and is concerned primarily with the problems of practice.

On March 9, 1962, the plaintiff, Esther Casillas, then a minor of the age of six years, was struck by an automobile operated by the defendant, Orville Rosengren, in the

City of Chicago, and injured. Suit was filed shortly thereafter on her behalf by her mother and next friend to seek recovery for her damages in the Circuit Court of Kane County and docketed as case No. 62–1188. The defendant, Rosengren, through his attorney, duly filed his appearance and answer in that cause. On March 13, 1964, the trial court on its own motion, entered an order that dismissed the case for want of prosecution with leave to reinstate within 90 days. This order was pursuant to Administrative Rule 4 of the Circuit Court of Kane County that provided as follows:

> "On the first day of the first term in each year of this Court, there shall be a general call of the Docket, both law and Chancery on which call all cases remaining thereon, in which positive action has not been taken and no attempt made for trial or final disposition of the same during one year next preceding such call, may be dismissed at the cause of the Plaintiffs, with leave to reinstate on sufficient cause shown, within ninety (90) days."

It is not clear whether the plaintiff had received written notice that the case would be called on March 13 or only notice by publication as provided by local rule. However, it is undisputed that no positive action had been taken in the proceedings for over one year prior to the dismissal or that the trial court had the power to enter the order.

On February 1, 1966, the plaintiff filed a petition under section 72 of the Civil Practice Act (Ill Rev Stats, c 110, § 72) to vacate the order of March 13, 1964, which had dismissed the complaint. The affidavit and testimony offered in support of the petition alleged that it was not clear in 1964 if the peculiar injuries suffered by the plaintiff would develop into cancer and that the suit could not be prosecuted further until her condition would permit a

reasonably accurate medical prognosis. Counsel for the plaintiff contended that for that reason they had acquiesced in the dismissal at the time it was entered by the court but that they now intended to proceed since they were able to determine that cancer would not, in all probability, occur. The defendant opposed the petition and argued that the plaintiff was not entitled to the relief of section 72, and, at the conclusion of the hearing, the court denied the petition.

On March 1, 1966, the plaintiff filed a new suit in Kane County, docketed as Case 66–588, based on the same cause of action as the original case. The defendant countered with a motion to dismiss that recited the dismissal of the earlier cause in March of 1964 and the recent denial of the plaintiff's petition to vacate that dismissal. On March 18, 1966, the court entered its order that incorporated the records of Case 62–1188 as part of the new cause; found that the order of February 1, 1966, in the earlier case was "determinative"; and dismissed the complaint.

The plaintiff then filed her third suit, again based on the same cause of action, in the Circuit Court of Cook County but that case was dismissed on October 17, 1966, on the basis that the order of March 18, 1966, of the Circuit Court of Kane County was binding on all other courts of like jurisdiction. Thereafter, plaintiff petitioned this court for, and we granted, leave to appeal from the order of March 18, 1966, under section 76(1) of the Civil Practice Act and Appellate Court Rule 21 (Ill Rev Stats, c 110, § 201.21).

The defendant's motion to dismiss the second complaint and the comments of the trial court indicate that the dismissal was predicated on a concern for the effectiveness of Administrative Rule 4 of the Circuit Court of Kane County. The motion stated that it would be improper to "circumvent" the rule by the filing of a subsequent suit based on the same cause of action and the trial judge said ". . . either these rules mean something to aid the

142

Courts in the disposition of our cases or they don't mean anything . . ." and dismissed the complaint.

■ Clearly the trial court had the authority to dismiss the first complaint for want of prosecution. Most, if not all, trial courts have adopted administrative rules that provide for the dismissal of cases on the motion of the court after a certain period of time if no action has been taken in the case. It is obviously in the interest of justice and an orderly procedure of judicial administration that this be done to relieve court calendars from the weight of dormant litigation. A dismissal for want of prosecution, entered pursuant to such local rules, is a final, appealable order. Athletic Ass'n of University of Illinois v. Crawford, 43 Ill App2d 52, 55, 192 NE2d 556; Pettigrove v. Parro Const. Corp., 44 Ill App2d 421, 424, 194 NE2d 521.

■■ However, a dismissal for want of prosecution is only an involuntary nonsuit and is not an adjudication of the merits of the case or in itself, a bar to a further suit on the same issues. Branom v. Miller, 25 Ill App2d 94, 96, 166 NE2d 123. If the further suit would be otherwise barred by the statute of limitations, section 24 of that Act (Ill Rev Stats, c 83, § 24a) provides that a new action could be commenced within one year from the date of the nonsuit even if the time limited for bringing such action shall have expired during the pendency of the original suit. Patrick v. Burgess Norton Mfg. Co., 56 Ill App 2d 145, 205 NE2d 643.

In this case, it is not necessary for the plaintiff to rely on section 24 to commence the new action since, because of her minority, the time in which her suit might be brought has not expired. Ill Rev Stats, c 83, § 22.

The defendant raises the further point that the hearing held on plaintiff's petition under section 72 to vacate the prior order of dismissal in the first case was an adjudication of the merits of that case and, therefore, a bar to subsequent litigation under the doctrine of res adjudicata.

In support of his contention that a hearing on a section 72 petition is an adjudication of the merits of the case, the defendant cites the cases of Athletic Ass'n of University of Illinois v. Crawford, supra, and Jones v. Reuss, 47 Ill App2d 212, 197 NE2d 709. In the Athletic Association case, the complaint and countercomplaint were dismissed by motion of court, pursuant to administrative rule, for want of prosecution. The case was reinstated on the defendant's motion 26 months after the order of dismissal by the trial court. On appeal, the order of reinstatement was reversed on the grounds that the dismissal order was a final, appealable order and that therefore the trial court lost jurisdiction to entertain a motion 30 days after its entry. Further, the motion to reinstate did not qualify as a petition under section 72 since it was not filed within the two years as required by that section. Although it would appear in the Athletic Association case that the defendant's cause of action was barred by the statute of limitations, the case clearly did not stand for the proposition that there had been an adjudication of the merits of the cause.

In Jones v. Reuss, supra, the complaint, filed in 1960, was dismissed in 1962, on motion of the court, when the plaintiff failed to comply with an order of court to furnish certain information as to his income. The judgment order contained a finding that the defendant was "not guilty." One year later, the plaintiff filed a motion to vacate the judgment and, after a hearing, the motion was denied. Two months after the hearing, the plaintiff filed a further petition, expressly under section 72, to modify the judgment. The trial court sustained the defendant's motion to strike the petition on the grounds that the earlier motion was in reality a section 72 petition and its denial was an adjudication of the issues. The court of review affirmed the lower court on that basis. The Jones case does not support the position

that a hearing on a section 72 petition is necessarily an adjudication of the issues in the lawsuit but only that it is an adjudication of those issues raised in the petition itself. The Jones decision would be applicable to our instant case only if the plaintiff had attempted a second time to vacate or modify the order of dismissal in the first suit. It has no application as a bar to a subsequent suit where, as here, there has been no adjudication of the merits of the cause of action.

 We conclude that neither the dismissal for want of prosecution pursuant to administrative rule nor the hearing on the petition to vacate that dismissal were an adjudication of the merits of the plaintiff's cause of action. Since that cause is not otherwise barred, it was error to dismiss the second complaint and we therefore reverse the order of March 18, 1966, and remand with directions that the complaint be reinstated and the cause proceed.

Reversed and remanded.

DAVIS, P. J. and MORAN, J., concur.