People of the State of Illinois for the Use of Nelson Howarth, as Mayor of the City of Springfield, Illinois, Plaintiff-Appellant, v. The Gulf, Mobile, and Ohio Railroad Company, a Corporation, Defendant-Appellee.

Gen. No. 11,230.

Fourth District.

August 4, 1970.

Charles H. Delano, of Springfield, for appellant.

Patrick J. Cadigan, Gillespie, Burke & Gillespie, of Springfield, for appellee.

SMITH, J.

The plaintiff appeals from a judgment order of the magistrate dismissing this suit against the defendant railroad company because the suit was not prosecuted by the State's Attorney. The suit was an eleven-count complaint charging the defendant with multiple violations of Ill Rev Stats 1967, c 114, § 70 and § 71, which prohibits blocking railroad crossings and highways for longer than ten minutes and provides a money forfeiture of $10 to $100 for so doing. The case was entitled "People of the State of Illinois, for the use of Nelson Howarth, as Mayor of the City of Springfield, Illinois, plaintiff" against the defendant. The defendant filed a motion setting forth nine grounds for dismissal, one of which was:

"That Nelson Howarth, as Mayor of the City of Springfield, Illinois, and his attorney have no standing in this Court to prosecute this action for

the reason that the State's Attorney of Sangamon County has the absolute duty to prosecute all suits in his county against railroad or transportation companies prosecuted in the name of the People of the State of Illinois, pursuant to Chapter 14, Section 5, Illinois Revised Statutes (1967)."

The magistrate allowed the motion to dismiss on this ground, denied the other eight grounds and dismissed the suit.

■■ ■■ At the threshold of our inquiry, we are confronted with the question as to whether this dismissal order is a final appealable order. Rule 273 of the Illinois Supreme Court, Ill Rev Stats 1967, c 110A, § 273, reads as follows:

"Unless the order of dismissal or a statute of this state otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."

Operating as an adjudication upon the merits, it is a final judgment and appealable under Rule 301, Ill Rev Stats 1967, c 110A, § 301. Neither the order of dismissal nor any statute of this state precludes this order from operating as an adjudication upon the merits under Rule 273. The defendant frankly and properly concedes that the trial court had jurisdiction of the People of the State of Illinois. It had jurisdiction of the subject matter of the suit. The venue was properly laid in Sangamon County. There was no failure to join an indispensable party. In fact, the State's Attorney is not a party at all to the proceedings, indispensable or otherwise. Even had he instituted and prosecuted this suit, he would not be a party for the simple reason that he was not a party of record nor would he be injured by any judgment nor

benefit from any judgment entered. In fact, in People v. Wabash, St. L. & P. Ry. Co., 12 Ill App 263 (1883), it was held that the State's Attorney could not sue under the statute for his own benefit. He therefore can only be an attorney of record and not a party of record in such a suit nor a person for whose individual use such a suit can be brought. It follows therefore that the instant suit has no deficiency in jurisdiction, venue, or parties and therefore operates as an adjudication on the merits and is appealable.

The birthplace of this cause of action is Ill Rev Stats 1967, c 114, § 71, which reads as follows:

> "Every engineer or conductor violating the provisions of the preceding section shall, for each offense, forfeit the sum of not less than $10 nor more than $100, to be recovered in a civil action, in the name of the People of the State of Illinois, *for the use of any person who may sue for the same,* and the corporation on whose road the offense is committed shall be liable for the like sum." (Emphasis ours.)

Ill Rev Stats 1967, c 14, § 5, reads in part as follows:

> "The duty of each state's attorney shall be— . . .
> Second— . . . to prosecute all suits in his county against railroad or transportation companies, which may be prosecuted in the name of the People of the State of Illinois."

From this statute, it is abundantly clear that the State's Attorney might have instituted and prosecuted this suit on behalf of a private individual or on behalf of the public generally. Does it follow, however, that since he did not do so no cause of action exists when prosecuted by a private attorney for "any person?" We think not.

■■ The language used in the Act is "for the use of any person who may sue for the same." It seems to us

476

that the General Assembly has specifically permitted a person to use the name of the People of the State of Illinois in suing for a violation of the roadblocking statute. While the State's Attorney's Act makes it the duty of the State's Attorney to prosecute such a suit, we do not believe that the fact that he was not asked to do so or refused to do so militates against the right of any person to sue in the name of the People of the State of Illinois with his own counsel. Accordingly, the judgment of the trial court is reversed and this cause is remanded to that court for proceedings not inconsistent with the views expressed in this opinion.

Reversed and remanded.

CRAVEN, P. J. and TRAPP, J., concur.