Margaret Keilholz, Plaintiff-Appellant, *v.* Chicago and North Western Railway Company *et al.,* Defendants-Appellees.

(No. 56128;

First District (2nd Division)—March 27, 1973.

*Rehearing denied April 18, 1973.*

STAMOS, P. J., dissenting.

King, Robin, Gale & Pillinger, and Kamin, Stanley & Balkin, both of Chicago, (J. William Braithwaite, Stanley N. Gore, and Frank C. Stanley, of counsel,) for appellant.

James P. Daley, Kenneth J. Wysoglad, of Chicago, for appellees Chicago & North Western Railway Co. and Earl R. Sniff.

McKenna, Storer, Rowe, White & Haskell, of Chicago, (John F. White and Howard K. Priess II, of counsel,) for appellees Alan Smith Excavating, Paul C. Smith and Alan Smith, Albert J. Mitchell, Inc., and Albert J. Mitchell.

Mr. JUSTICE HAYES delivered the opinion of the court:

This is an appeal from an order dismissing with prejudice plaintiff's complaint for damages allegedly arising from a train-truck collision. A review of the history of the litigation is necessary to highlight the issues raised in this appeal. For convenience, this history will be presented in chronological order with the applicable law interspersed as it becomes involved.

1. On 2 April 1965, the train-truck collision occurred, in which plaintiff was injured.

2. In 1967, prior to the expiration of the two-year Statute of Limitation applicable to plaintiff's cause of action (Ill. Rev. Stat. 1965, 1967, Chapter 83, Section 15), plaintiff filed a complaint

in the Circuit Court of Cook County seeking damages for injuries allegedly incurred through the negligence of defendants in the train-truck collision.

3. After one pre-trial conference in the summer of 1969, and on 11 May 1970, a second pre-trial conference was set for 7 July 1970, at which plaintiff was ordered to appear in person. Supreme Court Rule 218(a) gives the trial court the discretion to enter such an order, even when plaintiff's attorney is, as he must be, fully authorized to act on behalf of plaintiff. "Rule 218. PRE-TRIAL PROCEDURE (Ill. Rev. Stat. 1969, Chapter 110(A), Section 218)

"(a) *Conference.* In any civil case, the court may hold a pre-trial conference. At the conference counsel familiar with the case and authorized to act shall appear with or without the parties as the court directs, * * *."

4. On 7 July 1970, plaintiff's counsel, fully authorized to act on behalf of plaintiff, appeared, but plaintiff did not appear. The court had been notified by plaintiff's counsel about a week before that plaintiff was in New York City and would be unable to appear.

5. On 8 July 1970, the court entered the following order:

"It is therefore ordered, adjudged, and decreed that this cause be and the same is hereby dismissed for noncompliance with Supreme Court Rules 218 and 219(c) and the order of this Court entered on May 11, 1970."

Supreme Court Rule 218(d) provides:

"(d) *Enforcement.* The court shall make and enforce all rules and orders necessary to compel compliance with this rule, and may apply the remedies provided in paragraph (c) of Rule 219."

Supreme Court Rule 219(c) provides:

"Rule 219. Consequences of refusal to comply with rules or orders relating to discovery or pre-trial conferences. (Ill. Rev. Stat. 1969, Chapter 110(A), Section 219)

(c) *Failure to comply with order or rules.* If a party, or any person at the instance of or in collusion with a party, unreasonably refuses to comply with any provision of Rules 201 through 218, or fails to comply with any order entered under these rules, the court, on motion, may enter, in addition to remedies elsewhere specifically provided, such orders as are just, including, among others, the following:
* * *

(v) that, as to claims or defenses asserted in any pleading to which that issue is material, a judgment by default be entered against the offending party or that his suit be dismissed with or without prejudice;"

6. On 15 October 1970, plaintiff's timely motion to vacate the order of dismissal of 8 July 1970 was denied.

7. Plaintiff elected not to appeal from the order of dismissal and the refusal to vacate the same.

8. Instead, plaintiff elected to re-file her complaint in the Circuit Court of Cook County, which she did on 15 December 1970. In doing so, plaintiff was relying on a section of the Statute of Limitations, not only as obviating what would otherwise have been a limitation bar to the re-filing, but also, as amended in May of 1967, as expressly authorizing the re-filing where the earlier dismissal had been "for want of prosecution". The section (Ill. Rev. Stat. 1969, Chapter 83, Section 24a) provides as follows:

"Section 24a. <u>Commencement of new action upon reversal or nonsuit.</u> In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if judgment is given for the plaintiff but reversed on appeal; or if there is a verdict for the plaintiff and, upon matter alleged in arrest of judgment, the judgment is given against the plaintiff; or if the plaintiff is nonsuited, <u>or the action is dismissed for want of prosecution</u> then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year <u>or within the remaining period of limitation, whichever is greater,</u> after such judgment is reversed or given against the plaintiff, or after the plaintiff is nonsuited or <u>the action is dismissed for want of prosecution.</u>" (Underlining, other than of the section's title, is ours to indicate the matter inserted by legislative amendment, effective 25 May 1967)

9. On 20 January 1971, defendants filed an amended motion to dismiss plaintiff's new complaint for the reason that plaintiff's action was barred both by the Statute of Limitation and by the res judicata effect given to the 8 July 1970 order of dismissal, entered under Rule 219(c), by Supreme Court Rule 273 (Ill. Rev. Stat. 1969, Chapter 110(A), Section 273.) Supreme Court Rule 273 (effective 1 January 1967, which was also the effective date of Supreme Court Rule 219(c) provides as follows:

"Rule 273. EFFECT OF INVOLUNTARY DISMISSAL. Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."

10. On 25 March 1971 the trial court granted defendants' amended motion, and dismissed plaintiff's new complaint with prejudice. The matter before us is an appeal from that order of dismissal of the new complaint.

Plaintiff's theory of the case is: (1) Section 24a of our Statute of Limitations is applicable in this case to remove what would otherwise have been a limitation bar to the re-filing of the new complaint in December of 1970; and (2) Section 24a, as amended in late May of 1967, is also a statute of this State which "otherwise specifies" within the meaning of the express exception in Supreme Court Rule 273, so that that Rule imparted no res judicata effect to the 219(c) dismissal order of 8 July 1970. Defendants deny both of plaintiff's contentions.

■■ Defendants' denial of plaintiff's first contention is apparently based on the alleged applicability to this case of the holding in three prior cases that Section 24a, despite its literal applicability, is inapplicable to assist a plaintiff whose limitation problem in filing his second action has been created by his own extreme and self-initiated delay either in prosecuting his first action or in filing his second action after the dismissal of his first action. (*Tidwell v. Smith* (1965), 57 Ill.App.2d 271, 205 N.E.2d 484; *Ray v. Bokorney* (1971), 133 Ill.App.2d 141, 272 N.E.2d 836; *Quirino v. Chicago Tribune-New York News Syndicate*, 10 Ill.App.3d 148.) Since the record here discloses no such extreme and self-initiated delay by this plaintiff, we conclude that the "extreme delay" exception to the applicability of Section 24a does not apply in this case.

■■ We perceive another ground upon which to question the applicability of Section 24a to this case. Is the dismissal order of 8 July 1970 an order of dismissal "for want of prosecution" within the meaning of amended Section 24a? On its face, the order of dismissal of 8 July 1970 is essentially based on "noncompliance with * * * the order of this Court entered on May 11, 1970", and therefore is not expressly "for want of prosecution". On the other hand, the order of 11 May 1970 was entered under the authority of Rule 218(a), and the order of 8 July 1970 was entered under the authority of Rules 218(d) and 219(c). Therefore, the order of 8 July 1970 is squarely based on Rules 218 and 219. The question then arises: what is the purpose of Rules 218 and 219? The purpose, *inter alia,* is to authorize and implement the pre-trial conference

procedure. That procedure was adopted to expedite the prosecution of civil cases by providing a pre-trial mechanism to sift out the basic issues between the parties and to formulate them as precisely and accurately as possible, to reach a stipulation of as much of the evidence as possible, and to reach an agreed settlement of the case, if possible. All to what end? Obviously, to move the case more expeditiously either to settlement or to trial, and, if to trial, then to a more expeditious trial; in short, to expedite the prosecution of the case. Hence, we think that the penalties authorized under Rules 218 and 219 for failure to participate in the pre-trial conference procedure in accord with the orders of the trial court are essentially penalties "for want of prosecution" within the meaning of Section 24a. In reaching this conclusion, we are mindful of the general proposition that Section 24a, being remedial in nature, is to be liberally construed in order to enable it to achieve its remedial purpose. We also note as an analogy a dictum in the case of *Casillas v. Rosengren* (1967), 86 Ill.App.2d 139, 229 N.E.2d 141. At a time when Section 24a did not contain any reference to dismissal "for want of prosecution" but did refer to situations in which a plaintiff was "nonsuited", the Court in dictum in *Casillas* construed a dismissal "for want of prosecution" as an "involuntary nonsuit" within the meaning of "nonsuited" in Section 24a. (It seems unlikely that the *Casillas* case was the reason why the Legislature added the phrase "for want of prosecution" to Section 24a on 25 May 1967, because the *Casillas* opinion is dated 9 August 1967.)

■■ We conclude that Section 24a is applicable in this case to remove what would otherwise have been a limitation bar to the plaintiff's re-filing on 15 December 1970.

We turn now to plaintiff's second contention. None of the three cases on which defendants relied for the alleged inapplicability of Section 24a has anything to contribute as to the alleged res judicata effect imparted by Rule 273 to the 219(c)(v) order of dismissal. The *Tidwell* case antedated Rule 273; in the *Ray* case, the issue does not appear to have been raised; in *Quirino*, the issue was raised and described, but the court found it unnecessary to decide the issue in disposing of the case. We are not so fortunate.

■■ Defendants deny that Section 24a is a statute of this State which "otherwise specifies" within the meaning of the express exception in Rule 273, for the reason that Section 24a is limited on its face to the single matter of curing what would otherwise be a limitation bar to the filing of the second action, and does not even purport to address itself to the matter of the res judicata effect imparted by Rule 273 to the 219(c) dismissal order of 8 July 1970. There is, however, some precedent to the contrary in *Mages Sports Arenas, Inc. v. Winston Park Shopping Center,*

*Inc.* (1969), 112 Ill.App.2d 409, 251 N.E.2d 334. That case involved alternative holdings. In its first alternative holding, the Court held that Rule 273 was inapplicable under the circumstances presented in the case. In its second alternative holding, the Court held that, even if Rule 273 had been applicable, the rule's own express exception of cases in which "a statute of this State otherwise specifies" would have applied because Section 24a, as amended in late May of 1967 to include the situation in which an "action is dismissed for want of prosecution" and in which the plaintiff had commenced a new action "within the remaining period of limitation", is such a statute. Concededly, the authority of the case as precedent is weakened by the fact that its holding applicable here was merely a second alternative holding, but, in the absence of any other precedent directly in point, we see no reason to ignore it or to treat it as dictum. In addition, we see possible significance in the prompt legislative amendment of Section 24a, to include the situation in which an action is dismissed "for want of prosecution", only five months after Rule 273 had become operative. We conclude that amended Section 24a is a statute of this State which "otherwise specifies" within the meaning of the express exception in Rule 273.

Accordingly, we reverse the trial court herein, and remand the case for such further proceedings as may be had and as are not inconsistent herewith.

■■ We are not unaware of the fact that our holding may be thought to deprive the Supreme Court of its power adequately to enforce Rules 201 through 218. We do not agree that it does so. We think, rather, that a close reading of Rule 219(c) (v) discloses that the Supreme Court meant thereby to *require* that *every* order of dismissal entered under its authority state *expressly* on its face whether it is entered "with prejudice" or "without prejudice". Should it expressly state that it was entered "with prejudice", then Rule 273 would merely confirm that the order operated "as an adjudication on the merits". The party affected would be expressly alerted to the significance of this dismissal order, would know that his sole opportunity to escape the order lay in an appeal therefrom and that Section 24a provided no alternative route of escape (for the simple reason that Section 24a does not address itself to dismissals expressly *"with prejudice* for want of prosecution"), and would not be booby-trapped into the false route of re-filing by a failure to appreciate the possible res judicata effect imparted by Rule 273 to a "silent" Rule 219(c) (v) order of dismissal. On the other hand, should the 219(c) (v) order of dismissal expressly state that it was entered "without prejudice", then the order would fall squarely under the express exception in Rule 273 for an order of dismissal which "otherwise

specifies". None of the unfortunate imbroglio involved in the instant case would be involved, if trial courts would comply with the *express* requirement which we discern in Rule 219(c) (v) that every order of dismissal entered under the authority of that Rule shall state *expressly* on its face that it has been entered either "with prejudice" or "without prejudice", as the intent may be.

Reversed and remanded.

LEIGHTON, J., concurs.

Mr. PRESIDING JUSTICE STAMOS dissenting:

Two issues are raised in this appeal: (1) Whether Judge Canel's original order of dismissal operated as res judicata upon the complaint at bar; and (2) Whether the complaint was barred by the Statute of Limitations. It must be emphasized that these two issues are separate and distinct and that different statutes, Supreme Court Rules and case law pertain to each respectively. To illustrate, although Supreme Court Rule 273 is the focal point for determining the res judicata issue, it has no bearing on the Statute of Limitations issue. Similarly, the cases of *Tidwell v. Smith*, 57 Ill.App.2d 271, 205 N.E.2d 484; *Ray v. Bokorney*, 133 Ill.App.2d 141, 272 N.E.2d 836, and *Quirino v. Chicago Tribune-New York News Syndicate, Inc.*, 10 Ill.App.3d 148 are pertinent to the Statute of Limitations issue, but have no bearing on the res judicata issue. Although this distinction may appear self-evident, it has not been observed in the appellate briefs at bar, and I believe that the procedural significance of this case dictates our utmost efforts for clarity.

I would hold that plaintiff's second complaint was barred by the doctrine of *res judicata*.

I do not agree that Section 24a of the Limitations Act is a statute "otherwise specifying" for purposes of Supreme Court Rule 273. The majority opinion to the contrary relies primarily upon the authority of *Mages Sports Arena v. Winston Park Shopping Center*, 112 Ill.App.2d 139, 229 N.E.2d 141. However, as I interpret that case, its express holding is that pursuant to the Supreme Court order adopting Supreme Court Rules retroactively in 196, Rule 273 would not be applied, due to the patent injustice of a retroactive application under the facts of that case. Subsequent language in *Mages* to the effect that Section 24a is a statute which "otherwise specifies" constituted only dicta and should not now be elevated to the stature of binding precedent. Even assuming arguendo that such language did constitute an "alternative holding," I believe that such a holding as well as the majority opinion in the case at bar unduly enlarge the intent of our legislature in enacting Section

24a and undermine the intent of our Supreme Court in enacting Supreme Court Rule 219(c).

Section 24a is a limitations statute, intended to extend the period of limitations under certain circumstances. It provides for the refiling of an action, regardless of whether the applicable limitations period has run, within one year of any of the following dispositions: (1) Judgment for plaintiff which is reversed on appeal, when the reviewing court does not decide the merits adversely to the plaintiff, See *Carboni v. Bartlett*, 290 Ill.App. 351, 8 N.E.2d 722; (2) Verdict for plaintiff, but judgment against plaintiff upon matter alleged in arrest of judgment; (3) Nonsuit; (4) Dismissal for want of prosecution. Plaintiff has cited numerous Illinois cases which state that the purpose of Section 24a is to facilitate disposition of litigation upon the merits and to avoid frustration upon grounds unrelated to the merits. (*Roth v. Northern Assurance Co.*, 32 Ill.2d 40, 203 N.E.2d 415.) However, such pronouncements have consistently been made within the factual context of an expired limitations period which, but for Section 24a, would have barred a refiling. Neither the text of Section 24a, nor the cases which have interpreted it, suggest that it was intended to determine whether or not a particular order of dismissal operates as an adjudication uopn the merits. Prior to 1967 that determination depended upon common law and the unique facts and circumstances attending the order. Subsequent to 1967 Supreme Court Rule 273 has governed. Thus, Section 24a, a remedial statute concerning periods of limitation, is in fact complementary to Supreme Court Rule 273, which concerns the res judicata effect of orders of involuntary dismissal.

I believe that the majority opinion, by misconstruing Section 24a, will have the effect of excising the power of trial courts to dismiss suits with prejudice for failure to comply with rules of discovery, a power expressly conferred by Supreme Court Rule 219(c). Similarly, trial judges who seek to dismiss with prejudice for want of prosecution or pursuant to Supreme Court Rule 103 will find their efforts frustrated by today's decision. It is disingenuous to suggest that the mere inclusion of the phrase, "with prejudice" in an order of dismissal will protect a court's right to invoke the drastic remedies which are inherently held or conferred by Supreme Court Rules. Nothing in Section 24a suggests that its remedial provisions are limited to situations in which the order of dismissal is silent concerning the res judicata effect of the order. (This is not surprising, since Section 24a is no more than a limitations statute.) Thus, by holding that Section 24a is a statute "otherwise specifying," the majority opinion is plugging into Rule 273 a statute which will provide a one year refiling period for any litigant that is involuntarily

dismissed, regardless of whether the dismissal order bears the words "with prejudice," "res judicata" or any other language expressing the contrary intent of the trial court. Clearly this was not the intention of our Supreme Court or our legislature, but it is the unavoidable consequence of the majority opinion.

The majority opinion implies that its holding, that Section 24a is a statute "otherwise specifying," is essential to protect litigants from being "booby-trapped" by "silent" dismissal orders *i.e.* orders which do not express on their face their res judicata effect. At one time this would have been a compelling argument. It is a basic tenet of the doctrine of *res judicata* that an order of dismissal may bar the refiling of the same cause of action if the dismissal order derives from an adjudication upon the merits. (I.L.P. Judgments, § 321.) Prior to 1967 application of this rule spawned a substantial body of case law concerning the res judicata effect of various types of dispositions and orders, each case posing the issue of whether the subject disposition or order derived from an adjudication upon the merits. In 1967, however, Supreme Court Rule 273 was adopted with the expressed purpose of "set[ting] to rest the question of the effect of an involuntary dismissal other than those excepted by the rule." (Supreme Court Rule 273, Committee Comments.) No further clarification is now necessary. The Supreme Court has already provided by the express terms of Rule 273 that a "silent" dismissal order operates as an adjudication upon the merits, thus apprising aggrieved litigants that the appropriate remedy is an appeal rather than a refiling of the action.

I would therefore hold that Section 24a is not a statute "otherwise specifying" as that phrase is used in Supreme Court Rule 273. For me, the more difficult question is whether the *order of dismissal* entered by Judge Canel "otherwise specifies," in which event plaintiff would still prevail on this appeal.

The original order of dismissal reflects that it was entered as a sanction against plaintiff for failure to comply with the Supreme Court Rule governing pretrial conferences. Clearly, this did not constitute an adjudication upon the merits. Since the order, on its face, belies the existence of an adjudication upon the merits, it might be argued that the order "otherwise specifies" for purposes of Rule 273. Such a contention, however, would misconstrue the specific language and the general purpose of Supreme Court Rule 273. That Rule creates a presumption that a non-exempt dismissal order *"operates as"* an adjudication upon the merits, not that there has in fact been an adjudication upon the merits. It is directed to the *effect* of dismissal orders, not to their underlying basis. This is clearly stated in the Committee Comments. Therefore,

unless a dismissal order reflects in some manner that it was not intended to bar a subsequent refiling, it should operate as an adjudication upon the merits regardless of whether there has been an adjudication upon the merits. (See *People v. Gulf, Mobile & Ohio R.R. Co.*, 125 Ill.App.2d 473, 261 N.E.2d 221.) Appearance of the phrase, "without prejudice," in an order would certainly rebut the presumption created by Rule 273. (*In re Estate of Crane*, 243 Ill.App. 327, 99 N.E.2d 204). However, an order need not contain particular magic words in order to "otherwise specify." Each order should be interpreted on the basis of the disposition thereby reflected and of the precise language utilized.

In the case at bar, the original order of dismissal provided in pertinent part: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this cause be and the same is hereby dismissed for noncompliance with Supreme Court Rules 218 and 219(c) and the order of this Court entered on May 11, 1970." It was within the power of the court to dismiss plaintiff's suit with or without prejudice. (Ill. Rev. Stat. 1969, ch. 110A, par. 219(c).) Thus, there is nothing inherent in the nature of Judge Canel's disposition which would suggest an intent to allow refiling of the action. Nor is there language within the order indicating such an intent. Under these circumstances, I conclude that the order of dismissal did not "otherwise specify," as that phrase is used in Supreme Court Rule 273.

I would hold that neither the order of dismissal entered by Judge Canel nor a statute of this state "otherwise specifies" as that phrase is used in Supreme Court Rule 273. Judge Canel's order operated as an adjudication upon the merits, barring subsequent refiling of the cause of action. I express no opinion as to whether the original order of dismissal was justified by plaintiff's conduct. Plaintiff chose not to appeal that order, despite the availability of an appellate remedy. (See *Federenko v. Builders Plumbing Supplies*, 123 Ill.App.2d 129, 130, 260 N.E.2d 41.) She should be bound by her election. I also express no opinion as to whether the complaint at bar was barred by the Statute of Limitations. I would affirm.